ROSENBAUM *v.* TYSZKA.

VENDOR AND PURCHASER—CONTRACTS—FRAUDS, STATUTE OF—TERMS—SUFFICIENCY OF MEMORANDUM.

> A land contract in the form of a receipt for $25 "as a deposit on house located at 1415 Chene street, purchase price $3,450. One thousand will be paid before June 15, 1915. Balance $300 and interest," signed by the vendor, did not contain a sufficient memorandum of the terms to satisfy the statute of frauds, since the time of performance must be clearly stated.[1]

Appeal from Wayne; Mandell, J. Submitted June 15, 1916. (Docket No. 137.) Decided July 21, 1916.

Bill by Sam Rosenbaum and another against Kornelia Tyszka for the specific performance of an alleged land contract. From a decree overruling a demurrer, defendant appeals. Reversed, and decree entered for defendant.

*Walter Phillips,* for defendant.

MOORE, J. Plaintiffs filed their bill of complaint against defendant for specific performance of a land contract, based upon the following writing:

"DETROIT, MICH., May 29, 1915.

"Received of Sam and Bela Rosenbaum twenty-five and no/100 dollars, as deposit on house located at 1415 Chene street, purchase price $3,450. One thousand will be paid before June 15, 1915. Balance $300 and interest.

"[Signed] KORNELIA TYSZKA."

Defendant filed a demurrer to the bill of complaint for the following reason:

---

[1] As to necessity of specifying time of payment of purchase price in contract or memorandum for the sale of real property, see note in 33 L. R. A. (N. S.) 84.

"Because the alleged contract to sell, set up in complainants' bill of complaint, is not sufficient under the statutes of the State of Michigan to bind the defendant to make the sale."

The demurrer was brought on for hearing. It was regarded by the court as a motion to dismiss and was denied. The defendant petitioned this court for leave to appeal. The petition was examined by one of the Justices, who declined to hold that the petition for said appeal does not present a meritorious question, and the appeal was allowed.

No brief has been filed in this court by the appellee. The case is unlike the recent case of *Brin* v. *Michalski*, 188 Mich. 400 (154 N. W. 110), where the contract, though somewhat informal, contained the essential elements of a contract:

"The parties, property, consideration, terms, and time of performance are clearly stated."

In the instant case the writing does not contain the terms and time of the performance. The case is within *Gault* v. *Stormont*, 51 Mich. 636 (17 N. W. 214), and *Ebert* v. *Cullen*, 165 Mich. 75 (130 N. W. 185, 33 L. R. A. [N. S.] 84), and the many cases cited therein.

The decree is reversed, and one may be entered here in accordance with this opinion, with costs to defendant.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.