BARTON *v.* MOLIN.

1. FRAUDS, STATUTE OF—MEMORANDUM OF AGREEMENT—TWO WRITINGS TO BE CONSIDERED TOGETHER—LAND CONTRACTS.

In an action by the vendee in a land contract for the money paid thereon, on the theory that said contract was void under the statute of frauds, a check for $500 signed by plaintiff and indorsed by defendant, containing a memorandum of the contract, and a receipt for $200 subsequently paid on said contract should be considered together in determining whether said statute has been complied with.

2. SAME—SIGNATURE OF PARTY MAKING SALE ONLY REQUIRED.

The statute (3 Comp. Laws 1915, § 11977) only requires that a contract for the sale of land shall be evidenced by some note or memorandum thereof in writing, "signed by the party by whom the * * * sale is to be made," followed by acceptance and payment of money upon it by the purchaser.

3. SAME—DESCRIPTION OF PROPERTY BY STREET NUMBER SUFFICIENT.

Description of property by street number in a land contract is sufficient.

4. Same—Omission of Time for Payment and Possession Not Fatal—Inferences.

The omission of time of payment and giving possession did not invalidate a memorandum agreement for the sale of land, since the inference is that the vendee will make cash payment within a reasonable time, and that possession will be given when full payment is made.

5. Same—Meaning of Memorandum—Oral Proof Permissible.

Where a check for $500 given as the initial payment on the purchase of land recited that it was to "apply on purchase price of 16,000 * * * balance of 7,500 to be paid in 30 days," the natural meaning is that $7,500 was the balance agreed due the vendor for his interest after payment of the $500, the full valuation of the property as appraised or "priced," and that there was an incumbrance of some kind for the difference; oral proof to explain same, if needed, being permissible under 3 Comp. Laws 1915, § 11978.

6. Vendor and Purchaser—Vendee May Not Repudiate Valid Contract and Recover Money Paid Thereon.

Where a memorandum of agreement for the purchase of land is valid and legally enforceable at the instance of either vendor or vendee, the vendee may not repudiate it where the vendor is not in default, and recover payments made thereon.

Error to Wayne; Richter (Theodore J.), J.   Submitted April 4, 1922.   (Docket No. 3.)   Decided July 20, 1922.

Assumpsit by Delia M. Barton against Samuel B. Molin for money paid under an alleged void land contract.   Judgment for plaintiff on a directed verdict. Defendant brings error.   Reversed.

*Henry G. Nicol,* for appellant.

*Ben C. Hughes,* for appellee.

Steere, J.   Plaintiff brought this action in assumpsit, declaring on the common counts, to recover from defendant the sum of $700 which she paid him on

a claimed void contract for the purchase of certain real estate in Detroit. On trial of the case in the circuit court a verdict was directed in favor of plaintiff for the amount claimed and judgment entered accordingly, on the theory that the contract of purchase was void under the statute of frauds.

The evidence in writing of the transaction is as follows:

"Wayne County & Home Savings Bank
          "Detroit, Mich., Aug. 15, 1919.   No.....
"Pay to the
     order of S. B. Molin                    $500.00
Five hundred ........................... Dollars,
to apply on purchase price of 16,000.00 located at
356-358-60 McGraw and
balance of 7,500.00 to be payed
in thirty days              "DELIA M. BARTON
(indorsed S. B. Molin—certified Aug. 16, 1919 for $500
by Wayne County & Home Savings Bank, Cashed No.
1.   Paid Aug. 19, 1919 by Commonwealth Federal Sav.
Bank, Detroit, Mich.)."

                              "Sept. 9, 1919.
"Received of Delia Barton, Two hundred Dollars
($200.00) to apply on Terrace.   By check given to
Delia Barton as a deposit on Terrace at 358, 360 and
362 McGraw Ave.
                         "DR. S. B. MOLIN."

It is undisputed that the quoted writings including signatures of the parties are genuine and that plaintiff paid defendant $700 to apply on the purchase of terrace property in the city of Detroit, in relation to which they dealt. No claim is made of any fraud or misrepresentation, or that defendant was unable to give good title to the real estate negotiated for in the transaction. Some time after the second payment was made plaintiff notified defendant that she did not care to go on with the deal and demanded her money back which was refused, and this action followed.

Plaintiff's right to recover the money paid upon this

transaction is contingent upon whether or not the written evidence of it constitutes an enforcible contract for the sale of real estate under the statute of frauds, which is the only question before the court. Plaintiff called defendant as a witness under the statute for the purpose, as her counsel states, of showing by his testimony that the written evidence "did not fully and completely describe the property, price, terms and limit of time for full performance." He testified of the property that it was located on McGraw avenue in the city of Detroit, saying in part:

"This property was a terrace. It was 358 and 360 I think. or 356, I don't remember the exact number. It was three numbers on one house on McGraw avenue. I occupied one of the terraces in August, 1919. I think I occupied 358 or 356. I did not rent it. It was a three-family terrace. The numbers would be 358-360 and 362. I lived at 358. My best recollection is that there is no such number as 356. The numbers would be 358, 360 and 362. When I lived at 358 McGraw avenue, I did not occupy it as a tenant. It was my own (property) until I sold it to Mrs. Barton."

Shown the check for $500 of August 15, 1919, given him by plaintiff he said:

"It was given to me as the deposit on the property, 358-362 McGraw avenue, which Mrs. Barton bought. It was given in the city of Detroit, Wayne county, Michigan."

The two writings are to be considered together in determining whether the statute of frauds is complied with. Both bear the signature of the vendor. That of the vendee is of minor importance. The statute only requires that a contract for the sale of land shall be evidenced by some note or memorandum thereof in writing "signed by the party by whom the * * * sale is to be made" (3 Comp. Laws 1915, § 11977), followed by acceptance and payment of money upon

it by the purchaser. *Mull* v. *Smith*, 132 Mich. 618. Description by street number is sufficient. *Stamp* v. *Steele*, 209 Mich. 205; *Baller* v. *Spivack*, 213 Mich. 436.

In the first of the writings—which shows mutuality by the signature of both the contracting parties upon it—time, place and names are plainly stated. In form a check given by plaintiff, indorsed and cashed by defendant, it shows a payment on the purchase price of property located at "356-358-60 McGraw," which is supplemented by a receipt given her by defendant for a later payment on the property, more clearly indicating the property as a "Terrace" or single building with three street numbers upon it, located on McGraw avenue at 358-360-362, which defendant when called as a witness by plaintiff testified without objection was the correct numbering of the property.

That time of payment and giving possession are omitted does not invalidate the memorandum of agreement. In such case the inference as to limit of time for payment is that the vendee will make cash payment for the property purchased within a reasonable time (*Mull* v. *Smith, supra*), and that possession will be given when full payment is made. *Brin* v. *Michalski*, 188 Mich. 400; *Walsh* v. *Oakman*, 199 Mich. 688.

It is contended by plaintiff's counsel that the price for which the property was sold is not understandingly or legally stated, because $7,500 is given as the balance after payment of $500 on property priced at $16,000. The natural meaning of the language used is that $7,500 was the balance agreed due the vendor for his interest after the vendee paid him $500, the full valuation of the property as appraised or "priced," meaning there was an incumbrance upon the same of some kind for the difference. If any explanation was needed to help out the writing, oral proof upon that

subject was permissible (3 Comp. Laws 1915, § 11978).

By putting together and so considering the references in the two writings to the property upon which payments were made, a contract of sale and purchase is fairly shown of property described in identifying terms sufficient to fit and fairly comprehend it as the subject of the contract, to an extent that specific performance could be enforced by a bill in chancery therefor against the vendor.

"It is not essential that the description have such particulars and tokens of identification as to render a resort to extrinsic aid entirely needless when the writing comes to be applied to the subject-matter." *Eggleston* v. *Wagner*, 46 Mich. 610.

We have here a memorandum in writing of a contract for the sale of land with terms of description fairly pointing out for identification the property to which it related. Acceptance, mutuality and part payment by plaintiff appears. It was a valid contract for the sale of land, legally enforceable at the instance of either. Under such conditions the vendee cannot repudiate it where the vendor is not in default and recover payments made thereon. *Mull* v. *Smith, supra.*

The judgment is therefore reversed, with costs to defendant, and the case remanded for such further disposition as parties desire and the trial court determines in harmony with this opinion.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.