## GOLDBERG *v.* MITCHELL.

FRAUDS, STATUTE OF—SUFFICIENCY OF MEMORANDUM—EQUALLY DIVIDED COURT.

Denial of motion to dismiss bill for specific performance of agreement to purchase real estate which stated amount, but not the time or terms of payment, of balance due, is affirmed by a court equally divided as to sufficiency of compliance with the statute of frauds (3 Comp. Laws 1929, § 13413).

Appeal from Wayne; Webster (Arthur), J. Submitted January 10, 1947. (Docket No. 88, Calendar No. 43,522.) Decided June 27, 1947.

Bill by Louis Goldberg against Leslie L. Mitchell and wife for specific performance of an agreement to sell real estate. Motion to dismiss denied. Defendants appeal. Affirmed by an equally divided court.

*Earl D. Leader,* for plaintiff.

*Arthur Mitchell,* for defendants.

SHARPE, J. (*for reversal*). This is an appeal from an order denying a motion to dismiss plaintiff's bill of complaint.

The facts are not in dispute and are as follows: On November 26, 1945, defendants Leslie L. Mitchell and Miriam Mitchell, his wife, were the owners of a parcel of real estate in Detroit, Michigan. On the above date, they entered into an agreement to sell said property to plaintiff, the written memorandum of which is as follows:

"Nov. 26, 1945

"Received of Louis Goldberg,

"Five Hundred ($500.00) deposit on the sale of our home, located at 18948 Wisconsin Avenue, Detroit, Mich.    Balance $13,000.

"(Signed) LESLIE L. MITCHELL
"(Signed) MIRIAM MITCHELL

"Accepted:
"(Signed) LOUIS GOLDBERG."

On May 16, 1946, plaintiff tendered to defendants the sum of $13,000 representing the balance due on the purchase price. The defendants refused to

accept the amount offered and on May 18, 1946, returned to plaintiff the initial $500 paid upon the purchase price. On June 18, 1946, plaintiff began suit for specific performance of the alleged contract.

On July 1, 1946, defendants filed a motion to dismiss plaintiff's bill of complaint in which it is alleged:

"2. · That the alleged contract to sell as set up in plaintiff's bill of complaint is not sufficient under the statute of frauds to bind defendants to make a sale.

"3. That the memorandum does not state the time or times of payments upon the sum remaining due, and is an insufficient compliance with the statute of frauds to support a bill for specific performance.

"4. That the said writing does not contain a sufficient memorandum of the terms to satisfy the statute of frauds since the time of performance is not stated."

On July 19, 1946, the trial court entered an order denying the motion to dismiss. Upon leave granted, defendants appeal and urge that the receipt in question is not sufficient to satisfy the statute of frauds (3 Comp. Laws 1929, § 13413 [Stat. Ann. § 26.908]), as the terms of payment and time of performance are not specifically stated. Plaintiff urges that the contract involved in this case fixes the property, parties, price and terms of payment; and that under the terms of payment plaintiff may pay the balance.

In *Cooper* v. *Pierson,* 212 Mich. 657, we said:

"It has been held by this Court that a memorandum to be sufficient under the section involved * * * must be complete in itself and leave nothing to rest in parol. * * * And that it must be

certain and definite as to the parties, property, consideration, premises and time of performance."

In *Cramer* v. *Ballard*, 315 Mich. 496, 503, we said:

"The general rule of law is well settled in this State, that in order to satisfy the statute of frauds the memorandum must be complete in itself and leave nothing to rest in parol."

There are, however, two exceptions to the above rule. Consideration need not be expressed in the memorandum, see *Benedek* v. *Mechanical Products, Inc.*, 314 Mich. 494, and the property, although not completely described, is sufficiently identified if it be described by name so as to be identified by extrinsic evidence not contradictory of the contract, see *Cramer* v. *Ballard, supra.*

The facts in the case at bar do not come within either of the above exceptions. It must be conceded that the terms of payment and time of performance are not specifically stated in the instrument involved in the present case.

In *Gault* v. *Stormont*, 51 Mich. 636, we said:

"For though it (receipt) specified the purchase price, it failed to express the time or times of payment, and there is no known and recognized custom to fix what is thus left undetermined. A memorandum, to be sufficient, under the statute, must be complete in itself, and leave nothing to rest in parol."

In *Windiate* v. *Leland*, 246 Mich. 659, the issue involved the sale of land evidenced by a receipt, a copy of which reads as follows:

"$200.00

"Pontiac, Michigan,
July 21, 1920.

"Received from Frank Tyack, two hundred and no-100 dollars to apply on the purchase price of land

at Silver Lake, payment to begin November 1, 1920; purchase price agreed on eight thousand dollars.

"JOHN WINDIATE,

"Per L. M. EATON."

We there said (p. 666):

"In order to satisfy the statute of frauds, the memorandum must be complete in itself and leave nothing to rest in parol. The receipt given by John Windiate to Tyack does not comply with this requirement. * * * The only thing Tyack agreed to do was to pay the purchase price. But, under the uniform holdings of this Court, payment of the purchase price alone is not sufficient to take the case out of the statute."

It is to be noted that the receipt in the above case fails to state the terms of the payments and the time when all payments are to be made. In the case at bar, the receipt fails to state the amount of the payments and the time at which payments are to be completed. In our opinion the receipt does not comply with the requirements of the statute of frauds. The trial court was in error in failing to dismiss plaintiff's bill of complaint.

The decree should be reversed, and a decree should be entered in the Supreme Court dismissing plaintiff's bill of complaint, with costs to defendants.

CARR, C. J., concurred with SHARPE, J.

BUTZEL, J. (*for affirmance*). On a motion to dismiss a bill of complaint, all properly alleged material facts are accepted as true. *Hatch* v. *Wolack,* 316 Mich. 258. Plaintiff herein alleges upon information and belief that defendants seek to evade the agreement because they can now obtain a higher price for their property. In *Cramer* v. *Ballard,* 315 Mich. 496, 510, Mr. Justice BOYLES stated:

"We are mindful of the fact that this is a case in equity. The statute of frauds exists in the law for the purpose of preventing fraud or the opportunity for fraud, not as an instrumentality to be used in aid of fraud or as a stumbling block in the path of justice."

In *Gault* v. *Stormont*, 51 Mich. 636, which was an action for forcible entry and detainer brought by the vendor against the vendee, the latter having taken possession without fulfilling his part of the contract, the Court held that the memorandum was insufficient under the statute, "for though it specified the purchase price, it failed to express the time or times of payment, and there is no known or recognized custom to fix what is thus left undetermined." Since the decision in that case and in *Ebert* v. *Cullen*, 165 Mich. 75 (33 L. R. A. [N. S.] 84), which was decided on the authority of *Gault* v. *Stormont, supra,* the courts have given increasing recognition to the existence of a rule of law that does fix the time and terms of payment in the situation presented in the above cited cases and in the instant case. In view of the recently evidenced disposition of this Court to liberalize its interpretation of the statute of frauds (see *Cramer* v. *Ballard, supra; Hatch* v. *Wolack, supra*), and the authorities cited hereinafter, the holding of this Court in *Gault* v. *Stormont, supra,* should be modified in accordance with the more modern rule. The prevailing rule is that where a memorandum is silent as to when the balance of the purchase price is to be paid, the law implies that it must be paid within a reasonable time and it will be presumed that the sale was for cash, provided that terms of sale, *i.e.,* credit or deferred payments, were not actually agreed upon by the parties. *Ullsperger* v. *Meyer*, 217 Ill. 262 (75 N. E. 482, 2 L. R. A. [N. S.] 221, 3 Ann. Cas. 1032);

*Boekelheide* v. *Snyder,* 71 S. D. ——— (26 N. W. [2d] 74); Note (1908) 9 Ann. Cas. 1062; 49 Am. Jur. pp. 666, 667, and cases cited therein. Where, however, the memorandum discloses on its face that there were other terms agreed upon which are not contained in the writing, the memorandum is insufficient to satisfy the requirements of the statute of frauds. Thus in *Windiate* v. *Leland,* 246 Mich. 659, the receipt, as quoted in the opinion of Mr. Justice SHARPE, contained the following provision: "Payment to begin November 1, 1920," indicating beyond any doubt that deferred payments were contemplated. In *Rosenbaum* v. *Tyszka,* 192 Mich. 457, cited by appellants, the memorandum provided: "One thousand will be paid before June 15, 1915. Balance $300 and interest." In *Hilberg* v. *Greer,* 172 Mich. 505, the written option stated: "Purchase price to be five thousand five hundred dollars. Int. 5% easy terms." In *Webster* v. *Brown,* 67 Mich. 328, the receipt provided: "Said bond is to express the several payments that is (*sic*) to be made, and the amount remaining to be paid." In all of the foregoing cases the receipts or memoranda indicated that there were deferred payments or terms of credit agreed upon which were not contained in the writing. This is not the situation in the instant case. The correct rule is set forth in 49 Am. Jur. pp. 666, 667, wherein it is stated:

"The omission from the memorandum evidencing a contract of the particular mode or time of payment of the consideration does not necessarily invalidate the contract or render it unenforceable under the statute of frauds. While the view has been taken that the failure to mention the time for paying the balance of the purchase money, in a receipt for a part payment toward the purchase price of real estate, renders the receipt insufficient as a memoran-

dum, irrespective of whether the sale was for cash on delivery of the deed or not, the general rule seems to be that where the memorandum is silent as to when the remainder of the purchase price, is to be paid, it will be presumed that the sale was for cash, and the memorandum will not be insufficient for a failure to state the terms of payment provided other terms were not actually agreed upon by the parties.   *   *   *

"A memorandum of an agreement for the sale of land is not necessarily insufficient to satisfy the requirements of the statute of frauds because the time for performance is not stated therein. In case of an executory contract of sale, where the time for the execution of the conveyance or transfer is not limited, the law implies that it is to be done within a reasonable time, and the failure to incorporate in the memorandum such a statement does not render it insufficient."

In accord with the above rule, this Court has held as follows:

"An offer to sell land for $375 cash, which is accepted, and $100 paid, and a memorandum given by the vendor agreeing to give a deed upon payment of $275, is an agreement to pay cash within a reasonable time, and sufficiently fixes the time of payment to comply with the statute of frauds." *Mull* v. *Smith* (syllabus), 132 Mich. 618.

"The omission of time of payment and giving possession did not invalidate a memorandum agreement for the sale of land, since the inference is that the vendee will make cash payment within a reasonable time, and that possession will be given when full payment is made." *Barton* v. *Molin* (syllabus), 219 Mich. 347.

In *Ullsperger* v. *Meyer, supra,* the memorandum was as follows:

"Chicago, Jan. 8, 1904.
"Received of Anton Ullsperger $100 on said purchase of the property No. 1031 Milwaukee Ave., at the price of $14,000.

C. MEYER."

With reference to the sufficiency of the memorandum, the Illinois supreme court stated:

"It is insisted that there is no time specified for the completion of the contract, and that therefore the contract is not complete. Under such a contract the law would imply that it was to be performed within a reasonable time after entering into the same, and what would be a reasonable time would be a matter of proof under all the conditions and circumstances that might surround the case." (Citing Illinois cases.)

In *Boekelheide* v. *Snyder, supra,* the memorandum was as follows:

"Received of H. H. Boeklheide $50 (fifty dollars) to apply on purchase of house and property of the old Young house.    Balance $650.

MARGARET SNYDER."

Although specific performance was denied on another ground, the court stated:

"The next contention of the appellant is that the receipt is insufficient to constitute a contract because it fails to fix the time for payment of the balance of the purchase price. The mere failure to state the time of payment will not defeat specific performance of a contract. Where no time for the completion of the contract is specified the law implies that it is to be performed within a reasonable time. *Wayne* v. *Butterfield,* 50 S. D. 463 (210 N. W. 663); *Ullsperger* v. *Meyer,* 217 Ill. 262 (75 N. E. 482, 2 L. R. A. [N. S.] 221, 3 Ann. Cas. 1032). There are exceptions to this rule, such as the cases in which the parties have agreed upon a period of credit,

without fixing its duration, but here there is no contractual provision which indicates that the parties intended to defer the balance of the purchase price."

In discussing the sufficiency and general requisites of a memorandum under the statute of frauds, 1 Restatement, Contracts (1932), § 207, illustration 12, p. 282, states:

"A and B enter into an oral contract to buy and sell an automobile. A memorandum is made and signed which states sufficiently the parties, subject-matter, and terms of the oral bargain except that, though the parties in fact orally agreed that the price should be payable on delivery of the machine, the memorandum contains no statement as to when the price is payable. The memorandum is sufficient, since the omitted statement is only what the law would imply in such a contract as that stated in the memorandum."

According to the prevailing rule of law the memorandum receipt in the instant case sufficiently satisfies the requirements of the statute of frauds.

The order of the circuit court denying defendant's motion to dismiss the bill of complaint is affirmed, with costs to plaintiff.

BUSHNELL, REID, and DETHMERS, JJ., concurred with BUTZEL, J.

BOYLES, J. (*concurring in reversal*) I agree with Mr. Justice SHARPE that the memorandum does not satisfy the statute of frauds but feel that it is necessary to state the reasons therefor. Mr. Justice BUTZEL, writing for affirmance, states that since the decision in *Gault* v. *Stormont*, 51 Mich. 636, and in *Ebert* v. *Cullen*, 165 Mich. 75 (33 L. R. A. [N. S.] 84), "the courts have given increasing recognition to the existence of a rule of law that does fix the

time and terms of payment." Cases from other jurisdictions should have no controlling effect here in the absence of a showing that they were decided under a statute of frauds such as obtains in this State. Under our decisions, the time and terms of payment must be stated in the written memorandum and cannot be left to "the existence of a rule of law."

*Gault* v. *Stormont* and *Ebert* v. *Cullen, supra,* which Mr. Justice BUTZEL would overrule, unquestionably hold that the memorandum here under consideration does not satisfy our statute of frauds.

Our decisions on which Mr. Justice BUTZEL relies do not overrule the principle announced in the *Gault* and *Ebert Cases, supra.* In *Mull* v. *Smith,* 132 Mich. 618, thus relied upon, the writings expressly stated:

"Will take *cash* $375 for my interest in place"— "I agree to give Mr. E. M. Mull a warranty deed of the Burns farm *upon payment* of $275."

Those writings differ materially from the instant case where no mention is made of *cash* payment or when it is to be made, *i.e.,* the time and terms of payment. The *Mull Case* does not leave the time or terms of payment to be inferred as in the instant case. The time and terms were stated in the writings, namely, cash upon receiving a warranty deed.

In the other case relied upon, *Barton* v. *Molin,* 219 Mich. 347, the written memorandum was an order to pay $500 "to apply on purchase price of 16,000"—"balance of 7,500 to be payed in thirty days" (The Court found that the difference in amounts was due to liens). The writings there are not like those in the instant case, where no time of payment whatever is mentioned. For support of certain statements therein, the *Barton Case* relies solely on *Mull* v. *Smith, supra,* for its authority. Neither case has since been cited or followed by this

Court on the question of the sufficiency of the memorandum as to the time for payment expressed therein. Their import should not be enlarged and considered as a controlling authority in the situation now before us.

In 49 Am. Jur. p. 45, the following rule of law is stated:

"Terms of Payment.—In accordance with the general requirements of certainty in the terms of a contract in order for equity to grant specific performance, a contract which leaves open the time and terms of payment for future negotiation is generally held to be incomplete and uncertain in material features so that specific performance cannot be decreed. Accordingly, a contract for sale of real estate will not be enforced where the terms of payment of the balance of the purchase price are indefinite."

In line with the rule thus stated, this Court has held as follows:

"A memorandum of a sale of real estate showing the receipt of money on the purchase price of a description therein named, but not stating the time or times of payment upon the sum remaining due, is an insufficient compliance with the statute of frauds to support a bill for specific performance." *Ebert* v. *Cullen* (syllabus), *supra*.

"A land contract in the form of a receipt for $25 'as a deposit on house located at 1415 Chene street, purchase price $3,450. One thousand will be paid before June 15, 1915. Balance $300 and interest,' signed by the vendor, did not contain a sufficient memorandum of the terms to satisfy the statute of frauds, since the time of performance must be clearly stated." *Rosenbaum* v. *Tyszka* (syllabus), 192 Mich. 457.

For the above reasons I concur in reversal.

North, J., concurred with Boyles, J.