## WOZNIAK *v.* KUSZINSKI.

1. FRAUDS, STATUTE OF—EXTRINSIC TESTIMONY TO SUPPLEMENT DESCRIPTION IN MEMORANDUM.

 Extrinsic testimony is admissible to supplement a description in a memorandum for sale of real estate, or an interest therein, required to be in writing by the statute of frauds, for the purpose of identifying the property, not contradictory or inconsistent with the memorandum description but merely to show that no other property could have been in contemplation (CL 1948, § 566.108).

2. SAME—SUFFICIENCY OF DESCRIPTION IN MEMORANDUM.

 A description in a memorandum of sale of real estate, or an interest therein, is sufficient if, when read in the light of the circumstances of possession, ownership, situation of the parties, and their relation to each other and to the property, as they were when the negotiations took place and the writing was made, it identifies the property (CL 1948, § 566.108).

3. SAME—DESCRIPTION IN MEMORANDUM—EXTRINSIC EVIDENCE—SPECIFIC PERFORMANCE.

 Memorandum of sale of real estate which stated street address of property involved, negotiated on such premises, and supplemented by extrinsic testimony as to city and county in which located *held,* sufficient upon which to base decree for specific performance upon due payment of balance of agreed purchase price (CL 1948, § 566.108).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Statute of Frauds § 349.
[2, 3] 49 Am Jur, Statute of Frauds § 348.

Appeal from Jackson; Simpson (John), J. Submitted April 9, 1958. (Docket No. 24, Calendar No. 47,085.) Decided June 11, 1958.

Bill by Stefan Wozniak and Karolina Wozniak against Josephine Kuszinski and others for specific performance of agreement to sell real estate. Bill dismissed. Plaintiffs appeal. Reversed and remanded for entry of decree.

*Felix F. Best,* for plaintiffs.

*Kelly, Kelly & Kelly,* for defendants.

Plaintiffs, suing in the Jackson circuit, sought specific performance of an allegedly valid agreement with defendant Josephine Kuszinski for purchase and sale of real estate owned by the latter. Decree having entered for defendants, plaintiffs appeal.

Prior to meeting of the respective parties defendant Josephine Kuszinski displayed a "for sale" card in the window of her home, the correct address of which is 1503 Joy avenue, Jackson, Michigan. The home premises, constituting the subject matter of this suit, are situated 3 doors away from the Falcon Hall in Jackson. The parties met at a wedding reception, in the Falcon Hall, at which time purchase negotiations were opened by plaintiffs with defendant Josephine Kuszinski. Two days later, in pursuit of such negotiations, the parties met at the home and went through the house together. They discussed price and terms and, having agreed on a sale price of $6,050, adjourned to the nearby office of the scrivener-realtor, B. W. Bartus. The deal was discussed with Bartus and he proceeded to write up the in-

strument we are to consider.* It was thereupon executed by defendant Josephine Kuszinski and the acknowledged deposit sum was simultaneously paid to her. Defendant Josephine Kuszinski, testifying with aid of an interpreter, said she understood that she was selling her home for $6,050 on the occasion of signature and payment in Mr. Bartus' office. She later refused to complete the deal. This suit followed.

The chancellor, following trial of the issues made by the pleadings, prepared and filed the following complete opinion:

"This is a bill for specific performance of property. The owner of the property was an old lady who had been under doctor's care and had been given morphine at various times by the doctors. She gave a receipt for the sale of her home. The receipt stated, 'Deposit on purchase of property known as 1503 Joy.' The receipt did not state what city it was in, what county it was in, or what State it was in. A $300 bank check was tendered but she refused to go through with the deal. The receipt stated, 'Balance on delivery of deed and abstract.'†

"Under all of the circumstances of this case, the court feels that the receipt does not satisfy the stat-

---

* The instrument—called a "receipt" in the record—reads as follows:

"August 15, 1955.

Received of Stefan and Karolina Wozniak Three Hundred and no/100 Dollars for deposit on purchase of Prop. known as 1503 Joy.

　　Previous balance—$6,050.00.
　　Amount paid—$300.00.
　　Balance due—$5,750.00.

"Balance on delivery of deed and abstract."

(Signed by defendant Josephine Kuszinski and witnessed by Mr. Bartus.)

† This statement, that a bank check was tendered, is not informatively accurate. When the memorandum, or "receipt," was prepared and signed, plaintiffs did actually pay Josephine Kuszinski the memorandum-acknowledged sum of $300. Seven days later Mrs. Kuszinski attempted to return the acknowledged sum of $300 to plaintiffs by means of a bank check. The check "was returned refused" by plaintiffs. Plaintiffs later made due tender of $5,750 to defendants.

ute of frauds, not specifying what city it was in or what county or what State, and the matter would have to rest in parol to supply the description. See *Miller* v. *Beardslee,* 175 Mich 414; *Cooper* v. *Pierson,* 212 Mich 657; *Fix* v. *Amiot,* 251 Mich 124. Therefore, for these reasons the court denies specific performance. A decree may enter dismissing the bill of complaint."

BLACK, J. (*after stating the facts*). There can be no doubt that the cases relied upon by the chancellor, if presently authoritative, fully support his opinion. The trouble is that this Court has "recently evidenced" a disposition "to liberalize its interpretation of the statute of frauds" (*Goldberg* v. *Mitchell,* 318 Mich 281, 286), reference on the disposing occasion having been made to *Cramer* v. *Ballard,* 315 Mich 496. In *Cramer* our majority concluded its opinion this way (p 511 of report):

"To the extent that our previous decisions may be considered inconsistent with this opinion, on the specific question as to admissibility of extrinsic testimony to supplement a description in a memorandum for sale of real estate, or an interest therein, for the purpose of identifying the property, not contradictory or inconsistent with the memorandum description, but merely to show that no other property could have been in contemplation, it must be understood that the court now declines to follow such decisions."

What was done in *Cramer* is quite consistent with the trend of modern authority. Professor Grismore, noting this new course of the judiciary in his "Principles of the Law of Contracts" (1947, Bobbs-Merrill), § 261, p 449, said:

"Preliminary to this discussion (of the statute of frauds) it is worthy of observation that the tendency, in general, has been to interpret the statute in

such a way as to narrow the scope of its operation as much as possible. This result has been accomplished not only by resolving all ambiguities in the phraseology of the statute in such a way as to exclude as many cases as possible from its operation, but also by excluding cases which are within the language, on the ground that they are not within the purpose or spirit of the statute. In fact, in recent years there has been a tendency to doubt the wisdom of the statute as applied to modern conditions and to advocate its outright repeal."

It is not to be gainsaid that our quoted commitment to the rule of evidentiary supplementation, of an otherwise insufficient memorandum relating to sale of real estate, partially eviscerates section 8 of our statute of frauds (CL 1948, § 566.108 [Stat Ann 1953 Rev § 26.908]) as once understood and interpreted. Such being the case, it is advisable that the fact and effect be openly heralded, and that we firmly announce that which is to be in this field of law relating to rights in and titles to land. Whether the old interpretation of said section 8, or the new one, is best for society remains, and will remain, debatable. The change having taken place, we can only say that equity can and will, given appealing equities arrayed against perfidy or fast dealing, prevent most of the frauds that section 8 of this venerable statute* was intended to frustrate.

Defendants, gazing at *Cramer's* quoted rule, say that plaintiffs offered no extrinsic evidence or proof on strength of which we may find that no other property than Josephine Kuszinski's home was contemplated by the parties when the memorandum was signed and the earnest deposit paid. To this we can only say that the parties negotiated to an agreed conclusion in the very home plaintiffs intended to buy and defendant Josephine Kuszinski intended to

---

* Rev Stat 1846, ch 80, § 8.

sell, and that they thereupon repaired to a scrivener for conclusion of their business. Since the street address of the home is given correctly in the memorandum, and since defendant Josephine Kuszinski owned the property answering such address and the record is clear that the parties were intending to deal with respect to it and no other, we are constrained to hold that the description given in the memorandum was appropriately supplemented according to *Cramer's* said rule. As was said in 49 Am Jur, Statute of Frauds, § 348, p 657:

"A description is sufficient if when read in the light of the circumstances of possession, ownership, situation of the parties, and their relation to each other and to the property, as they were when the negotiations took place and the writing was made, it identifies the property."

Reversed and remanded for entry of decree in favor of the plaintiffs, conditioned on due payment by them of the agreed purchase price. Costs to plaintiffs.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.