RANDAZZO v. KROENKE.

1. FRAUDS, STATUTE OF—SUFFICIENCY OF MEMORANDUM—PARTIES.
   Memorandum which in other respects satisfies the statute of
   frauds as to realty will not be held insufficient simply because
   it does not identify the party seeking to enforce it (CL 1948,
   § 566.108).

2. SAME—SUFFICIENCY OF MEMORANDUM—OMISSION OF PROMISEE'S
   NAME.
   Memorandum signed by defendant vendor, which failed to in-
   dicate to whom the premises were promised *held*, sufficient to
   remove the transaction from the statute of frauds under
   record presented (CL 1948, § 566.108).

Appeal from Macomb; Deneweth (George R.), J.
Submitted January 10, 1964. (Calendar No. 18,
Docket No. 49,983.) Decided May 4, 1964.

Bill by Jessel P. Randazzo against Elnora Flans-
burg, and continued in the name of Vera Kroenke,
her administratrix, for specific performance of con-
tract to sell real estate. Bill dismissed on motion.
Plaintiff appeals. Reversed and remanded for fur-
ther proceedings.

*Albert Green,* for plaintiff.

*Daner, Freeman & McKenzie (Robert S. McKen-
zie,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 49 Am Jur, Statute of Frauds §§ 338, 376 *et seq.*

O'HARA, J. (*concurring in reversal*). The precise question here involved is the sufficiency of the allegations in a bill of complaint to state an equitable cause of action. The nature of the action is specific performance of an alleged agreement to convey real estate.

In his original bill of complaint plaintiff alleged that on April 14, 1960, he and defendant entered into a certain "agreement and contract in writing" for the sale and conveyance, with marketable title, of certain lands in Macomb county. The agreement he designated exhibit "A" and incorporated it in his bill of complaint:

"April 14, 1960
Deposit Fifty Dollars for two lots on Jefferson-Harper sub.
Lot # 127–128
For Fifteen hundred, $1,500
Bal. $1,450 to be paid when abstract is up to date, and all taxes paid up to date.
                    "MRS. ELNORA FLANSBURG"

He alleged performance with his part of the contract, the continuation of the abstract, obtaining a commitment for title insurance, payment of the $50 deposit and tender of the balance. He prayed decree to his title, or alternative damages.

Defendant answered thus in the body of paragraph 3 of her answer:

"and alleges affirmatively that the contract annexed as plaintiff's exhibit A is not such contract as to remove the transaction from the statute of frauds, and further alleges that the defendant, who was born on October 5, 1870, was at the time of the alleged contract suffering from senile cerebral sclerosis, and as such did not have the legal capacity to contract for the sale of said property."

The bill was filed September 26, 1960. The answer April 10, 1961. No reference to this time lapse is made in the briefs. On April 20, 1961, plaintiff replied, neither admitting nor denying her age nor her affliction and characterizing the allegations as "argumentative" and legally conclusionary.

On July 18, 1961, the case was pretrialed. No reference to the defense of the statute of frauds is made therein other than as follows:

"Defendant claims plaintiff is not entitled to specific performance solely because of consideration paid, but must have more than just that to obtain equitable relief (see paragraph 3 of answer)."

The summary further recites:

"Defendant is to amend the answer by alleging grossly inadequate price making it inequitable to enforce the agreement, and also going to prove mental[1] incapacity and senile condition."

Depositions and medical reports were to be furnished and the matter set for further pretrial August 30, 1961.

On August 14th, an amended answer was filed. It alleged grossly inadequate consideration, lack of counsel on the part of defendant, generally unconscionable conduct by plaintiff, and a consequent absence of basis for equitable relief. The second pretrial summary adverts to the medical reports, the need of a guardian for plaintiff, and adjourns the pretrial to October 6th.

On October 31st, defendant filed a motion to dismiss the bill of complaint, specifically citing the statute of frauds,[2] the inadequacy of the memorandum of agreement thereunder and specifies 4 reasons for such inadequacy as failing to: (a) designate the

---

[1] As copied from the appendix.
[2] CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).

purchaser; (b) designate that defendant was the seller thereof; (c) adequately describe the real estate; (d) adequately state the time for performance.

A further allegation is made of the insufficiency of the part performance to remove the transaction from the requirements of the statute.

If the statute were pleaded at all prior to this time, it was by the rather oblique reference thereto in paragraph 3 of defendant's original answer. Certainly the basic thrust of defendant's case had been inequitable basis for relief, even to the point of amending her bill to plead the fraud and overreaching more fully.

On November 8th, plaintiff in answer to the motion denied the lack of specificity in the memorandum and in further answer alleged for the first time the existence of a duplicate[3] of the agreement originally pleaded which had at all times been in possession of the defendant. He claimed it identified the purchaser and was integrally connected with the first writing. He further raised the question of the waiver of the statute of frauds. He further contended if it were indeed not satisfied by the first pleaded memorandum, it was by that one the subsequently pleaded duplicate alleged to have been at all times in possession of the defendant.

Meanwhile and perhaps understandably so, defendant passed on and due substitution of parties was made. Our appendix then shows no further ap-

---

[3] "April 14, 1960

Deposit Fifty Dollars for two lots on Jefferson-Harper sub. Lots #127–128

For Fifteen Hundred $1,500

Bal. $1,450, to be paid when abstract is up to date, and all taxes paid up to date.

"JESSEL RANDAZZO
2429 Maxwell
WA. 19038."

pearance before the court until July 2, 1962. However, the list of calendar entries recites:

"1961  *  *  *
"Nov. 13.  Motion, Dismiss Bill of Complaint, Adj. Dec. 11, 1961  *  *  *
"Dec. 11.  Motion–Dismiss Bill of Comp. taken under advisement  *  *  *
"Dec. 18.  P-t. Adj. from Dec. 19 to Jan. 9, 1962 *  *  *
"1962  *  *  *
"July 16.  Motion to Dismiss granted—*Order to enter.*"

The record indicates that the parties were before the court on July 2, 1962, by which date the chancellor had considered and reached a conclusion on defendant's motion to dismiss the case. His written opinion is dated and filed on that date. However, since the opinion had not theretofore been circulated to counsel, plaintiff requested and was granted a stay to July 16th before entry of a formal order. At that time the order of dismissal was signed and filed although plaintiff, at that hearing, filed a supplemental answer to motion to dismiss, attaching for the first time a photo copy of the memorandum signed by plaintiff and given defendant at time of execution. The court declined to consider the latter pleading since it introduced new matter and he had earlier rendered the opinion of July 2d, directing dismissal of the case.

Plaintiff then moved for reconsideration of the decision granting defendant's motion to dismiss. This motion was argued on July 30, 1962. The trial court again declined to give any weight to the second memorandum signed by the plaintiff. The latter argued that the 2 memoranda, each signed by 1 of the parties, satisfied the statute of frauds. The learned trial judge thought differently and an order denying

reconsideration was signed and filed on July 30, 1962. This appeal was then taken.

The chancellor's opinion is lucid and complete. The conclusions of law are clearly set out and amply supported by applicable case precedent. In 3 of his 4 conclusions, we agree completely:

(1) The memorandum (originally pleaded) sufficiently described the involved realty.

(2) It adequately states the time of performance and as the court indicated a reasonable time after the continuation of the abstract.

(3) The single memorandum originally attached to the bill of complaint and pleaded therein was insufficient, standing alone, to remove the transaction from the operation of the statute.

In the fourth conclusion we are however at variance with his conclusions. The duplicate memorandum in possession of the defendant and subsequently pleaded when its existence became known to plaintiff's counsel should have been considered to the extent that it did contain the name of the promisee. We express no opinion as to what ultimate legal effect the chancellor might give it in light of such testimony as may be able to be adduced in support of its relationship to that originally pleaded and relied upon by plaintiff. On this issue we believe plaintiff should have had an opportunity to offer proof. This we feel is true, particularly in view of the liberal construction he gave to defendant's pleading of the statute of frauds initially and the absence of a specific ruling on plaintiff's urging of its subsequent waiver.

We make no attempt here to distinguish the cases in the plethora of precedent cited in both well-prepared briefs and the equally well-documented opinion of the court, but rather base our opinion on the particular circumstances here outlined and in the general rule cited by plaintiff:

"Separate writings which are related in subject matter may be read together to satisfy the requirement of the statute for a memorandum not only where both are signed by the party to be charged, but also where only one of them is signed, if they are so connected that the signature appearing upon the one can be said to authenticate the other one which is unsigned. Under such circumstances it is deemed that there is in fact a reference in the one instrument to the other, or, as some authorities declare, the reference required to incorporate the other paper in the memorandum is implied, or, as otherwise stated, there is an incorporation by necessary inference." 49 Am Jur, Statute of Frauds, § 394, p 699.

In conformity with the foregoing, plaintiff should have the opportunity of presenting evidence, if any there be, which could bring the separate writings within the purview of the foregoing rule.

The order granting the motion to dismiss the bill of complaint and the order denying the motion for reconsideration thereof are vacated and the case is remanded for further proceedings in conformity herewith. Plaintiff may tax costs.

DETHMERS and KELLY, JJ., concurred with O'HARA, J.

SOURIS, J. The chancellor granted defendant's motion to dismiss on the ground that the memorandum[1] of the alleged contract for the sale of land did not meet the requirements of the statute of frauds[2]

---

[1] "April 14, 1960
Deposit Fifty Dollars for two lots on Jefferson-Harper sub.
Lot #127–128
For Fifteen hundred, $1,500
Bal. $1,450 to be paid when abstract is up to date, and all taxes paid up to date.
                    MRS. ELNORA FLANSBURG"
[2] CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908):
"Sec. 8. Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall

because it did not designate the vendee. It cannot be denied that there is language in some of the prior opinions of this Court which supports the chancellor's ruling. However, examination of the cases relied upon by the chancellor or cited to us by defendant, and numerous others, fails to disclose that this Court has yet dealt with a situation in which a memorandum which satisfied the statute of frauds in all other respects has been held insufficient because it failed to designate the party seeking to enforce it.

In *Shipman* v. *Campbell,* 79 Mich 82, plaintiff sought to recover money paid defendants on the purchase price of realty. In the only writing relating to the sale, plaintiff was not named. Justice Long wrote (p 85):

"The contract of purchase was not one which the defendants could enforce. It did not name any party to whom the conveyance was to be made as grantee, *nor does it fix and determine when the payments are to be made, or that the property was to be taken subject to the $10,000 mortgage.*" (Emphasis added.)

There are many other cases which seem to be authority for the proposition that unless a memorandum identifies both parties to a transaction, it is insufficient to satisfy the statute of frauds. *E.g., Munro* v. *Edwards,* 86 Mich 91; *Mull* v. *Smith,* 132 Mich 618; *Miller* v. *Smith,* 140 Mich 524; *Smith* v. *Mathis,* 174 Mich 262; *Brin* v. *Michalski,* 188 Mich 400; *Ogooshevitz* v. *Arnold,* 197 Mich 203; *Walsh* v. *Oakman,* 199 Mich 688; *Baller* v. *Spivack,* 213 Mich 436; *Barton* v. *Molin,* 219 Mich 347; *Borkowski* v. *Kolodziejski,* 332 Mich 589. Upon examination, however, it appears that in all of these cases the memoranda did identify both parties and also were

be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing."

sufficient in other respects to satisfy the statute, so that the Court did not have to decide the narrow issue of the instant case.

In some cases which have held a memorandum insufficient while stating generally that to satisfy the statute of frauds a memorandum must be definite as to parties, property, consideration, and time of payment, *e.g., Jefferson* v. *Kern,* 219 Mich 294, not only was the memorandum indefinite as to the parties, but also as to the property, consideration and time of performance, while in others, *e.g., Rosenbaum* v. *Tyszka,* 192 Mich 457, and *Cooper* v. *Pierson,* 212 Mich 657, the memorandum was definite as to the parties but defective in some other respect.

Defendant cites *Dodge* v. *Blood,* 299 Mich 364, 369, 370 (138 ALR 322), to the effect that "It is well settled that a memorandum is insufficient if it fails to state any element essential to the contract it purports to evidence, and concededly a vendor is indispensable in a contract of sale." In *Dodge,* plaintiff vendee sought to enforce specifically a contract for sale of stock. The chancellor granted defendant's motion to dismiss on the ground that the memorandum did not identify him as the vendor and so did not satisfy the statute of frauds. This Court held that since defendant was a partially disclosed principal, parol evidence could be introduced (p 372) to identify him.

Since the only reference to defendant in the memorandum was as "an undisclosed principal", the effect of the Court's ruling was that it was not necessary to identify in the memorandum both parties to the contract. Indeed, the Court expressly adopted as its *ratio decidendi* the rule of 1 Restatement, Agency, § 153:

"For the purpose of satisfying the provisions of a statute requiring a note or memorandum to be

signed by the party to be charged or by his agent, a memorandum signed by a properly authorized agent with or without indication of the existence or identity of the principal is sufficient to charge the principal." Quoted at 299 Mich 364, 376.

Thus, even if the agent made no mention of the principal in the memorandum, the latter's identity could be established by parol evidence. This being so, it should follow, to avoid what the *Dodge* Court characterized (p 375) as "enigmatic anomalies", that even if a memorandum does not mention one party at all, his identity may be established by parol evidence. Since *Dodge* involved sale of goods rather than sale of land, it should be noted that the 2 situations are not distinguished as regards the interpretation of the parallel language contained in the statute of frauds provisions applicable to each. *Benedek* v. *Mechanical Products, Inc.*, 314 Mich 494, 512.

Finally, and illustrative of the context in which the question of the sufficiency of a memorandum which does not identify both parties has hitherto been discussed, consider *Gedvick* v. *Hill*, 333 Mich 689. In *Gedvick*, we held that a memorandum which did sufficiently identify the parties and which was introduced as evidence of an alleged contract for sale of land was not intended as such by the parties when they executed it. After having thus disposed of the memorandum and the case, we then gratuitously added (p 695):

"Further, exhibit A is insufficient to comply with the statute of frauds in that it does not fix any of 3 important elements of the alleged agreement of sale—*i.e.:* (1) Time of closing the transaction; (2) manner or time of paying the purchase price; or (3) the time of giving possession to the purchaser. In a recent decision we have indicated the requisites of a memorandum to constitute compliance with the statute of frauds:

" 'Instrument presented as land contract in suit for specific performance must be taken as it is and if the parties are named and all of them signed it, the property is described, the price and terms of payment and time of performance are all definitely fixed, the instrument will satisfy the statute of frauds.' *Borkowski* v. *Kolodziejski* (syllabus 1), 332 Mich 589.

" 'It has been held by this Court that a memorandum, to be sufficient under the section [of the statute of frauds] involved, * * * must be complete in itself, and leave nothing to rest in parol. *Gault* v. *Stormont*, 51 Mich 636. And that it must be certain and definite as to the parties, property, consideration, premises, and time of performance. *Rosenbaum* v. *Tyszka*, 192 Mich 457.' *Cooper* v. *Pierson*, 212 Mich 657, 660."

In *Wozniak* v. *Kuszinski*, 352 Mich 431, 434, this Court indicated its continuing "disposition 'to liberalize its interpretation of the statute of frauds' (*Goldberg* v. *Mitchell*, 318 Mich 281, 286)"; and reversed the chancellor who had relied upon earlier, seemingly authoritative cases in holding a memorandum regarding a contract for the sale of land insufficient to satisfy the statute of frauds. In *Wozniak* we recognized that the trend of modern authority is to narrow the scope of the statute's operation, it being regarded by some as almost an anachronism.

Consistently with the attitude expressd in *Wozniak,* and finding no persuasive precedent compelling a contrary decision, we hold that a memorandum which in other respects satisfies the statute of frauds will not be held insufficient simply because it does not identify the party seeking to enforce it. We think that the correct view is expressed in 2 Corbin, Contracts, § 500:

"If there is nothing in the memorandum to indicate that a specific person was a party to the con-

tract, and the plaintiff's connection therewith is actually denied, the court must prevent such connection from being fraudulently established, either against him or in his favor. This would justify the exclusion of oral testimony.

"There is, indeed, a bare possibility of a fraudulent substitution of the wrong person as plaintiff. Where a vendor contracts to sell land to A, partly on credit, it would be fraudulent and injurious for A to substitute B as the party to assume the duty to pay. If the vendor denies that B was the other contracting party, perhaps that should settle the issue. But if the vendor makes no such denial, or if there is ample disinterested testimony, or if it is merely a sale for cash and the personality of the vendee is immaterial, it seems like straining at a gnat to deny the sufficiency of the memorandum and to exclude all oral testimony as to the vendee's identity. The words of the statute require no such result.

"By the express words of the statute, 1 of the parties (usually the party to be charged) or his agent must sign the memorandum. Such a signature identifies that party to the contract; but even here parol testimony is liberally admitted when the signature is abbreviated or is the signature of an agent only. Often, therefore, the cases now under discussion deal only with the identity of the party who does not sign either personally or by agent. If the written memorandum, or any of the several memoranda submitted in evidence, contains words tending to identify the nonsigning party, parol evidence of the business relations of the parties and of the surrounding circumstances is clearly admissible to corroborate and identify. Nor should the court hesitate to admit direct testimony of the parties to the suit themselves, as to their communications and promises. If 'some note or memorandum' with any probative weight is in evidence, and if on the entire testimony the court has no serious doubt as to the identity of either party and sees no material

chance of successful fraud and perjury, it should not hesitate to declare that the statute does not prevent enforcement."[3]

An examination of the pleading and pretrial proceedings in this case make it evident that defendant never seriously contended that plaintiff was not the vendee under the contract which he sought to establish. Holding this memorandum sufficient to satisfy the statute of frauds does not work a fraud on anyone. The law of contracts is still in force, and plaintiff must establish the terms of the contract, while defenses such as incompetency still may be raised. As was noted in *Wozniak, supra,* at 435, "equity can and will, given appealing equities arrayed against perfidy or fast dealing, prevent most of the frauds section 8 [Rev Stat 1846, ch 80, § 8] of this venerable statute was intended to frustrate."

Reversed and remanded. Costs to plaintiff.

KAVANAGH, C. J., and BLACK, SMITH, and ADAMS, JJ., concurred with SOURIS, J.

---

[3] See *Sanders* v. *McNutt* (1947), 147 Ohio St 408 (72 NE2d 72). Plaintiffs' petition alleged that defendant had agreed to sell certain land to plaintiffs and included this memorandum: "3/5/45. Received deposit of $300 on property located at 4228 New Portage road as binder on sale totalling $12,500, balance to be paid at time of transfer of clear title. (Signed) [defendant]". Reversing a court of appeals' ruling sustaining defendant's demurrer, the court said (p 412), *per curiam* (2 judges dissenting): "In view of the facts and circumstances (alleged and admitted by the demurrer to be true) preceding the making of the paper writing and the signing thereof by defendant, we conclude that the terms of the contract to sell are reasonably set forth; that the property is sufficiently identified as against a general demurrer; and that under the averments of the amended petition evidence may be adduced to prove that it was the plaintiffs and the defendant who entered into the agreement for the purchase and sale of the property involved." 72 NE2d 72, 74. But *cf. Pierce* v. *Rush* (1954), 210 Ga 718 (82 SE2d 649).