## DOMAS v ROSSI

1. FRAUDS, STATUTE OF—SALE OF LAND—DESCRIPTION OF LAND—EXTRINSIC EVIDENCE.

A description in a purchase agreement for land which is insufficient on its face to satisfy the statute of frauds can be made to satisfy the statute through the introduction of extrinsic evidence.

2. FRAUDS, STATUTE OF—SALE OF LAND—DESCRIPTION OF LAND.

A description of land in an agreement of sale is sufficient to satisfy the statute of frauds if when read in the light of the circumstances of possession, ownership, situation of the parties, and their relation to each other and to the property, as they were when negotiations took place and the writing was made, it identifies the property.

3. FRAUDS, STATUTE OF—SALE OF LAND—DESCRIPTION OF LAND—EXTRINSIC EVIDENCE.

A defendant's motion for accelerated judgment in a real estate contract action, based on an inadequate description of the land to be sold, was improperly granted where a plaintiff was not allowed an opportunity to introduce extrinsic evidence to satisfy the statute of frauds where the plaintiff reasonably believed that the property was sufficiently identified with reference to a preliminary sketch which he had examined and the defendant subsequently destroyed that sketch.

4. CONTRACTS—MUTUALITY OF OBLIGATION.

Mutuality of obligation means that both parties to an agreement are bound or neither is bound.

5. CONTRACTS—MUTUALITY OF OBLIGATION.

A contract lacking mutuality of obligation is unenforceable.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 72 Am Jur 2d, Statute of Frauds §§ 324, 325.
[4, 5] 17 Am Jur 2d, Contracts §§ 11, 12.
[6] 55 Am Jur, Vendor and Purchaser § 4 *et seq.*

6. Contracts—Sale of Land—Enforceability.

> A contract for the sale of land is enforceable where the buyer and seller were both bound and neither had an option to relieve himself of liability at his own discretion, even where the seller was not the sole owner of the land.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 January 3, 1974, at Lansing. (Docket No. 15578.) Decided March 27, 1974.

Complaint by David J. Domas against Al Rossi, Lois J. Rossi, Allan G. Campbell, Jr., and Margaret M. Campbell for specific performance of a contract or damages for breach of contract. Accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Stroia, Stroia & Gilhool,* for plaintiff.

*John R. Brennan,* for defendant Al Rossi.

Before: Lesinski, C. J., and Holbrook and Bashara, JJ.

Bashara, J. Plaintiff brought suit against defendants seeking specific performance of an alleged contract or damages for breach thereof. From an order of the Livingston County Circuit Court granting defendants' motion for accelerated judgment, plaintiff appeals.

Preliminary negotiations for the sale of land were conducted between plaintiff and Park Planners Associates, an agent acting on behalf of defendant Al Rossi. After the land in question had been viewed by plaintiff an offer was made by him to purchase the property known as "parcel 3". The offer was rejected by Rossi, but the parties soon agreed to a sale of the land for $19,000 with a

purchase agreement being signed by plaintiff and Rossi.

At the appointed time for closing the sale, plaintiff was prepared to perform his obligations, but was informed that Rossi was only a tenant in common and could not sell the land without approval by the other owners. Plaintiff instituted the present suit and after a number of motions and hearings, the trial court found that the contract was void as the property description was inadequate and violative of the statute of frauds, MCLA 566.108; MSA 26.908. The court further found that since Rossi could not alone transfer the property, the contract lacked mutuality of obligation and was unenforceable.

The initial question before us is whether the writing executed by the parties sufficiently described the land to establish a binding contract. The description was as follows:

"Parcel #3—Bullard Lake Property containing 12.28 acres—T.3N., R.6E., Hartland Township, Livingston County, Michigan."

This language, alone, would possibly be defective for purposes of the statute of frauds and would render the contract unenforceable. There is considerable authority, however, that a description which is insufficient on its face can be made to satisfy the statute through the introduction of extrinsic evidence. *Cramer v Ballard,* 315 Mich 496; 24 NW2d 80 (1946). In *Emlong Nurseries, Inc v Warner,* 364 Mich 462; 110 NW2d 713 (1961), the property therein was referred to as "Parcel #1" and followed by more specific dimensions. The Court looked to a surveyor's map prepared by the seller and held that the contractual description was sufficient since it could be made clear through

the extrinsic evidence. In the instant case, the term "Parcel #3" referred to a map drawn by Rossi representing the subject property. Defendant Rossi, unfortunately, disposed of the map and the evidence was lost. The absence of the map, however, is not fatal to plaintiff's cause nor should it be since the loss was caused by defendant's own action. Plaintiff may be able to rely on other evidence to prove the description of the subject land according to liberalized interpretations of the statute of frauds. This more modern rule was emphasized in *Wozniak v Kuszinski,* 352 Mich 431, 436; 90 NW2d 456, 459 (1958):

"As was said in 49 Am Jur, Statute of Frauds, § 348, p 657: 'A description is sufficient if when read in the light of the circumstances of possession, ownership, situation of the parties, and their relation to each other and to the property, as they were when negotiations took place and the writing was made, it identifies the property.' "

See also *Randazzo v Kroenke,* 373 Mich 61; 127 NW2d 880 (1964); and *H. M. Seldon Co v Carson,* 29 Mich App 643; 185 NW2d 842 (1971).

When the agreement of sale was made in the present case, the plaintiff reasonably believed that the property was sufficiently identified with reference to the preliminary sketch which he examined. The subsequent act of the defendant in destroying the preliminary sketch should not be allowed to deprive the plaintiff of an opportunity to supplement the description of the property contained in the contract. The statute of frauds should be used to prevent a fraud not to perpetrate one. *Fowler v Cornwell,* 328 Mich 89; 43 NW2d 73 (1950). The motion for accelerated judgment based on inadequate description was improp-

erly granted without having allowed plaintiff an opportunity to introduce extrinsic evidence.

Plaintiff also alleges error by the trial court in finding that the agreement of the parties was unenforceable because it lacked mutuality of obligation. The finding was apparently based on the fact that the other three owners were not signatories to the contract and absent their participation the court could not compel specific performance in favor of either party. In so ruling, the court misconstrued mutuality of obligation with mutuality of remedy and the role these doctrines play in the enforcement of contracts. The distinction was clarified in 71 Am Jur 2d, Specific Performance, § 21, p 37:

> "The courts point out that while mutuality of obligation and remedy are sometimes confused and the one mistaken for the other, they are distinguishable and rest upon different bases. By 'mutuality of obligation' is apparently meant that there must be consideration, without which there is no obligation on either party because there is no binding contract. But the meaning the courts attach to 'mutuality of remedy' is not always clear and has been the subject of some misunderstanding and confusion, although it may be said that under the modern rule the requirement of mutuality does not mean that there must be mutual remedies of specific performance."

Simply stated, mutuality of obligation means that both parties to an agreement are bound or neither is bound. *Bernstein, Bernstein, Wile & Gordon v Ross,* 22 Mich App 117; 177 NW2d 193 (1970). Had this been a contract lacking mutuality of obligation it would be unenforceable. In the present case, both the defendant and the plaintiff were bound by the contract. Neither had an "option" to relieve himself of liability at his own

discretion. Had defendant Rossi obtained the interest of the other owners before the time for closing, he could have compelled the plaintiff to purchase the property. Likewise, the court could have required Rossi to convey that interest which he owned with an abatement of the contract price for that portion he could not convey. Similar relief was obtained in *Borkowski v Kolodziejski,* 332 Mich 589; 52 NW2d 348 (1952), where land was held by a brother and sister each owning a half interest. The brother signed a purchase agreement making no mention of his sister's interest. The Court compelled the brother to convey his interest with an appropriate reduction in price.

Therefore, it appears that plaintiff had at least two avenues of relief, specific performance in part or damages. Although it was error to deny him both without the benefit of a trial on the merits, it would be inappropriate for this Court to provide which of the two remedies is best suited in this case. The answer will be within the discretion of the trial judge after hearing all the evidence.

Reversed and remanded.

All concurred.