PORTER *v.* RIDGE.

1. VENDOR AND PURCHASER—MARKETABLE TITLE.
   A marketable title is one of such character as should assure to the vendee the quiet and peaceable enjoyment of the property, and one which is free from incumbrance.
2. SAME—TITLE—INCUMBRANCES.
   An incumbrance is anything which constitutes a burden upon the title to the diminution of the value of the land but consistent with the passage of the fee by the conveyance.
3. SAME—RIGHT OF WAY FOR PIPE, TELEGRAPH OR TELEPHONE LINES —INCUMBRANCES.
   A right of way to lay, maintain, operate and remove pipelines and telegraph or telephone lines over property sold under a land contract constitutes an incumbrance and prevents the purchaser from obtaining a merchantable title.
4. SAME—PURCHASER'S KNOWLEDGE OF OUTSTANDING INCUMBRANCE —PAROL PROOF.
   The fact that purchasers of property under a land contract knew of an outstanding incumbrance when signing the contract would not permit the introduction of parol proof in an action on the covenants to show that an existing incumbrance was

Notice of rescission as affecting right to rescission for mistake or fraud, see 2 Restatement, Contracts, § 483; preliminaries to rescission in general, §§ 480 to 487.

to be regarded in fact as no incumbrance nor preclude rescission of the contract and recovery of down payment when the vendors failed to produce marketable title.

5. SAME—RESCISSION—SUFFICIENCY OF NOTICE.

In purchaser's action of assumpsit to recover down payment under land contract, notice of rescission and demand for return of money, sent to defendant, a nonresident, in care of her attorney, a resident, and to the real-estate agent who handled the deal, was sufficient.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 11, 1944. (Docket No. 57, Calendar No. 42,803.) Decided January 2, 1945. Rehearing denied February 20, 1945.

Assumpsit by Allen Porter and wife against Victoria O. Ridge for down payment made under a land contract. Cross declaration by defendant against plaintiffs for balance of agreed purchase price. Judgment for defendant. Plaintiffs appeal. Reversed and judgment ordered entered for plaintiffs.

*Cozadd & Shangle,* for plaintiffs.

*Harry J. Lippman (Leslie D. Bloom,* of counsel), for defendants.

SHARPE, J. This is an action in assumpsit for the return of $500 paid under the terms of a land contract for the sale of real estate. On June 28, 1941, Victoria O. Ridge, of Niagara Falls, New York, was the record title owner of farm lands in Van Buren township, Wayne county, Michigan. Her father, Thomas Olszynski, was a resident of Romulus, Michigan. He represented Victoria O. Ridge, took care of her business relating to the sale of said property, which had been platted into an unrecorded subdivision of lots, and authorized E. C. Smith, a real-estate salesman, to sell said lots.

On the above date an agreement was entered into with Allen and Hazel Porter for the sale of lots 7, 8 and 9, upon the following terms:

"$500 upon the signing of this agreement, receipt of which is hereby acknowledged, to apply on the purchase price, the same to be returned * * * should the title be found unmarketable, the balance to be paid as follows: Balance of $1,400 upon execution of good and sufficient deed, without interest. * * * When property is conveyed must be conveyed with warranty deed and abstract showing merchantable title. Deal to be closed within—days from date, upon receipt of deed."

Subsequently, an abstract of title of the premises was delivered to plaintiffs, and they took it to an attorney, who found that,—

"1. A perpetual lease exists in favor of the Imperial Oil Company granting to it a right of way to lay, maintain, operate and remove pipelines and erect, maintain, operate and remove a telegraph or telephone line, if the same shall be found necessary, over and through said lands, with ingress and egress to and from the same."

On October 7, 1941, Thomas Olszynski went to plaintiffs' home, tendered a warranty deed and abstract of title, which still showed the right of way granted to the Imperial Oil Company, and demanded payment of the balance of the purchase price of $1,400. Plaintiffs refused payment because of the incumbrance upon the title. On October 29, 1941, notice of rescission and demand for return of the deposit money, because of defendant's failure to furnish a merchantable title as provided in the preliminary agreement, was mailed by plaintiffs' attorney, copies to defendant, Victoria O. Ridge, in care of her attorney, and to Mr. Smith, the real-estate agent who was handling the deal.

Upon failure of defendant to return the down payment, suit in assumpsit was commenced by attachment against the property, to recover the amount of the down payment. Defendant filed an answer to the declaration, denying that plaintiffs were entitled to any relief, and also filed a cross declaration seeking affirmative relief to the extent of the balance due on the contract, $1,400.

Upon the trial plaintiffs testified that they entered into the execution of the preliminary agreement, relying upon the agreement of defendant to deliver an abstract showing merchantable title in herself, and to convey by warranty deed; that they were unaware of any defect in defendant's title, such as the existence of the lease to the Imperial Oil Company.

Defendant's agents, Smith and Olszynski, testified that they orally informed plaintiffs of the existence of the right of way granted to the Imperial Oil Company prior to the execution of the preliminary agreement.

The trial court entered judgment in favor of defendant in the sum of $1,581.30, representing the balance due on the agreed purchase price, plus interest from the date of the agreement.

Plaintiffs appeal and urge that title to real estate is not a merchantable title when the abstract shows an incumbrance in the existence of a right of way across and through the land granted to the Imperial Oil Company, and that oral testimony may not be received and considered by the court for the purpose of showing that an existing incumbrance was to be regarded in fact as no incumbrance.

The agreement calls for defendant to furnish a marketable title to the lots in question. The trial court found as a fact that plaintiffs knew of the easement for pipeline purposes, and must be held

to have agreed to accept the land subject thereto, and that the existence of such easement did not prevent the conveyance by the defendant of a merchantable title.

In *Barnard* v. *Brown,* 112 Mich. 452 (67 Am. St. Rep. 432), we said:

"A marketable title, however, is one of such character as should assure to the vendee the quiet and peaceable enjoyment of the property, and one which is free from incumbrance."

In *Simons* v. *Diamond Match Co.,* 159 Mich. 241, we said:

"An incumbrance * * * has been broadly defined as 'every right to, or interest in the land granted, to the diminution of the value of the land, but consistent with the passing of the fee of it by the conveyance.' * * * Yet it is clear that a term for years, under a prior lease, falls within the definition, and such a lease has been held to be an incumbrance within the meaning of the covenant."

In *Post* v. *Campau,* 42 Mich. 90, we said:

"But anything is an incumbrance which constitutes a burden upon the title; a right of way, *Clark* v. *Swift,* 3 Metc. (44 Mass.) 390, 392; a condition which may work a forfeiture of the estate, *Jenks* v. *Ward,* 4 Metc. (45 Mass.) 404, 412; a right to take off timber, *Cathcart* v. *Bowman,* 5 Pa. 317; a right of dower, whether assigned or unassigned, *Runnells* v. *Webber,* 59 Me. 488. In short, 'every right to, or interest in the land, to the diminution of the value of the land, but consistent with the passage of the fee by the conveyance.' *Prescott* v. *Trueman,* 4 Mass. 627, 630 (3 Am. Dec. 246)."

In *Colby* v. *Plymouth Road Development Co.,* 251 Mich. 663, plaintiff and defendant entered into a written contract for the purchase of land from defendant. Before the execution of the contract de-

fendant delivered to plaintiff an abstract of title to the property. The abstract disclosed that a former owner had conveyed to the Imperial Oil Company an easement in the nature of a right of way for pipe lines and telegraph or telephone poles over this and other lands. When plaintiff learned of this easement he informed defendant that he was not interested in the purchase of the property. Plaintiff was later informed that the lease was nonexistent and could be removed from the chain of title. After this guarantee on the part of defendant, plaintiff entered into the agreement and made payments in accordance with the agreement. Later, plaintiff filed a bill in chancery praying for a rescission of the contract. We there said:

"That its title was incumbered was called to the attention of the defendant at the time it entered into the contract of sale. It was its duty, and not plaintiffs', to at once investigate the nature of the oil company's easement, and, had it done so and discovered, as it now has, that it cannot comply with the terms of its contract, it should have so advised plaintiffs and negotiated a settlement if possible. there would at that time have been no such decrease in the value of the land as there was at the time of the hearing."

Under the authority above cited, an easement such as is involved in this case is an incumbrance and prevents the purchaser from obtaining a merchantable title. The trial court found that plaintiffs knew of this incumbrance before they purchased the property, and we will assume this to be a fact in our discussion of plaintiffs' right to rescind the contract.

In *Lavey* v. *Graessle*, 245 Mich. 681 (64 A. L. R. 1477), we said:

"A right to an easement of any kind is an incumbrance. 20 C. J. p. 1252. That plaintiffs knew

of the existence of this easement as an incumbrance upon the premises is entirely immaterial. Plaintiffs had a right to insist that defendants covenant against known as well as unknown incumbrances. It is the rule that knowledge of the existence of an outstanding incumbrance may be the very reason for insisting upon a covenant against it.

"In *Edwards* v. *Clark,* 83 Mich. 246 (10 L. R. A. 659), it is said:

" 'In this State no parol proof is admissible in an action upon covenants to show that an existing incumbrance was to be regarded in fact as no incumbrance. "It is as usual, and certainly as competent, to covenant against known as unknown incumbrances or defects of title;" and, with a covenant of this kind, the purchaser is not called upon for the exercise of any diligence. *Smith* v. *Lloyd,* 29 Mich. 382, 389. And it is said that the fact of the purchaser having notice of an incumbrance is the very reason for his taking a covenant within whose scope it is included. Rawle, Covenants (5th Ed.), pp. 112-115, and cases cited in notes.'

"The covenant in the deed from defendants to plaintiffs was broken when made by the existence of the outstanding easement and incumbrance on the premises, and plaintiffs were entitled to recover."

Under the above authority plaintiffs had a right to rescind the contract regardless of whether they knew of the incumbrance before entering into the contract. Moreover, under the authority of *Edwards* v. *Clark,* 83 Mich. 246 (10 L. R. A. 659), parol testimony was inadmissible in an action upon covenants to show that an existing incumbrance was to be regarded in fact as no incumbrance.

The trial court was in error in permitting defendant to recover the unpaid balance on the contract.

Defendant urges that plaintiffs are not entitled to recover the deposit in this action as there has been no proper rescission of the contract.

On the question of rescission, the trial court found:

"First, the notice of rescission of the contract dated June 28, 1941, was given on October 29, 1941, and was addressed and mailed to the defendant 'Care of Harry Lippman, 910 Majestic Building, Detroit, Michigan.' The defendant herself at that time was a resident of Niagara Falls, New York, and the negotiations with reference to the purchase and sale of the property involved were conducted by her father, Thomas Olszynski, a resident of this county. The plaintiffs at no time saw or talked to the defendant herself. Before the notice of rescission was sent, Mr. Lippman had been active in the negotiations and disputes arising out of the contract. It is now suggested that he was acting as attorney for the father instead of the defendant, in spite of the fact that the father had no actual interest in the property or in its sale; except as the agent of his daughter, the defendant. It is also significant that when the notice of rescission was sent to Mr. Lippman he kept it, instead of repudiating it or returning it to the plaintiffs. Obviously, if he did not represent the defendant he should not even have opened the letter, but should have returned it to the sender. The court does not hesitate to find, however, that he was then the agent and attorney of the defendant herself, was protecting her interests and acting in her behalf, rather than in behalf of her father who had nothing at stake and who was not a party to the agreement. Under these circumstances the court finds that the requirements of the law with reference to giving notice of rescission were fully met and complied with when the notice was sent as it was."

Moreover, a notice of rescission was sent to Mr. Smith, the real-estate agent, employed by Thomas Olszynski, the father of defendant.

The judgment entered in favor of defendant is set aside and a judgment will be entered in favor of plaintiffs for the sum of $500, together with interest at the rate of five per cent. from October 29, 1941. Plaintiffs may recover costs.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.