BARTOS *v.* CZERWINSKI.

1. VENDOR AND PURCHASER—MARKETABLE TITLE—DEFINITION.

A marketable title of real estate is one of such character as should assure to the vendee the quiet and peaceable enjoyment of the property, and one which is free from incumbrance.

2. SAME—MARKETABLE TITLE—ORDINARY COURSE OF BUSINESS.

A title to real estate is unmarketable if a reasonably careful and prudent man, familiar with the facts, would refuse to accept the title in the ordinary course of business.

3. SAME—MARKETABLE TITLE—UNCERTAINTY.

It is not necessary that the title to real estate be actually bad in order to render it unmarketable, it being sufficient if there is such a doubt or uncertainty as may reasonably form the basis of litigation.

4. SAME—MARKETABLE TITLE—DEFENSE OF LITIGATION CHALLENGING TITLE.

A purchaser of property entitled to a "marketable title" may not be required to accept a conveyance if the title is in such

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 55 Am. Jur., Vendor and Purchaser, § 166 *et seq.*
[1–4] Marketable title. 57 A.L.R. 1253.
[6] 49 Am Jur., Specific Performance, § 22.
[7] 49 Am. Jur., Specific Performance, §§ 8, 9.
[7] Specific performance of a contract as a matter of right. 65 A.L.R. 7.
[8] 19 Am. Jur., Equity, § 28.

condition that he may be required to defend litigation challenging his possession and interest.

5. Specific Performance—Land Contract—Acquisition of Outstanding Interest—Title Insurance.

Specific performance of contract for the sale of land requiring vendors to convey a marketable title will not be granted where purchasers in effect are asking that vendors either obtain a proper conveyance or release from person who appears to hold an outstanding interest, or institute and be successful in litigation to quiet title nor, since the contract does not so provide, may the vendors be required to furnish title insurance.

6. Same—Contingencies—Uncertainties.

Courts of equity are loath to impose and supervise the performance and execution of contracts freighted with contingencies or uncertainties, but leave the plaintiff to his remedy at law.

7. Same—Remedy of Grace.

The equitable remedy by specific performance is not one of right, but rather rests in the sound discretion of the court.

8. Equity—Jurisdiction—Matters not of General Equity Cognizance.

In order that a chancery court exercise jurisdiction over matters not of general equity cognizance, but involved in the litigation, for the purpose of full and final adjustment of the whole controversy, some ground of equitable jurisdiction must be asserted in the bill and established upon the hearing.

9. Same—Dismissal Without Prejudice—Remedy at Law.

Where purchasers under land contract were not entitled to specific performance, their bill is dismissed without prejudice to pursue remedy at law to recover money paid by them to vendor.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 15, 1948. (Docket No. 101, Calendar No. 44,239.) Decided November 12, 1948.

Bill by Frank Bartos and wife against Blanche Czerwinski for specific performance of written contract to convey land. Decree for defendant. Plaintiffs appeal. Modified and affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiffs.

*Thaddeus M. Machrowicz,* for defendant.

CARR, J.  Plaintiffs brought this action to compel the specific performance of a written agreement for the sale of certain real estate in the city of Detroit. The instrument in question, which was dated October 3, 1945, was in the form of an offer and acceptance.  Plaintiffs undertook to pay the sum of $6,300 for the property described with the sum of $200 down to apply on the purchase price, such amount "to be returned should proposition be rejected by owner, or prior sale, of said property; or should the title be found unmarketable."  The offer further provided for closing the deal within 10 days from the date of delivery of an abstract of title.  The acceptance agreed to the terms of the offer and contained an express provision that defendant would furnish "abstract of title certified to date, showing marketable title."

Following the execution of the agreement an abstract was delivered to plaintiffs for their examination.  It was submitted to an attorney who gave his opinion to the effect that the title shown by the abstract was marketable.  Thereafter plaintiffs submitted it to their attorney, Mr. Piotrowski, who came to the conclusion that there was a flaw in the record title of such character as to render it not marketable in the ordinary acceptance of the term.  The abstract in question is not in the record, in this Court, and it does not appear that it was introduced in evidence on the hearing in the trial court.  However, a witness on behalf of the plaintiffs, an employee of the Wayne county tract index department, testified with reference to the title as shown by the records of said department.  It is a fair inference from the record here that the alleged defect in title shown by the abstract arose from certain conveyances to which the witness testified, and concerning which there

seems to be no dispute. In 1922 the property in question was conveyed by warranty deed to Richard S. Hickey and Derk Eppinga, said deed being recorded October 30, 1922. In January, 1923, by warranty deed recorded January 25th of said year, the grantees in the previous deed conveyed to the Peoples State Bank of Detroit. By a quitclaim deed dated December 28, 1927, Eppinga conveyed his interest in the property to Hickey, the instrument being recorded January 7, 1928. The record further disclosed a quitclaim deed dated December 29, 1927, from the Peoples State Bank to Hickey and Eppinga, recorded January 10, 1928. Thereafter Hickey made conveyance of his interest in the property, but it does not appear that Eppinga did so. Plaintiffs' attorney came to the conclusion that there was, or might be, an outstanding undivided one-half interest in the property, held by Eppinga or others claiming under him, and advised plaintiffs accordingly.

It appears that the plaintiff Frank Bartos became ill and went to Arizona while the matter was pending. Subsequent negotiations were carried on between Mrs. Bartos and her attorney on one side, and defendant and her son, on the other. On behalf of plaintiffs it was insisted that some action should be taken to clear the title, plaintiffs clearly indicating that they would not accept a conveyance unless the alleged defect was obviated or protection afforded them in some manner against a possible subsequent attack on the title to the property. A quitclaim deed was prepared for Eppinga's signature, and defendant's son contacted him, presumably for the purpose of having the deed executed if that action could be brought about. However, Eppinga stated, in substance, that he did not care to be bothered, and it does not appear that any further attempt was made to procure from him a release of any interest that he might have in the property in question. No fur-

ther action was taken by defendant with reference to the matter. The record shows, however, that, in a conversation between them, defendant and Mrs. Bartos reached an agreement with reference to the return of the deposit; but the agreement was not carried out for the reason that defendant insisted on a return of the preliminary contract for the purchase of the property or some form of receipt for the money that would release defendant from liability.

In their bill of complaint plaintiffs alleged that defendant was in position to convey good title to the land. On the trial, however, they reasserted their prior position that they would not accept a conveyance unless such action was taken by the defendant as would render the title marketable. It thus appears that plaintiffs sought not merely a conveyance of the property as the averments of the bill of complaint would suggest, but rather a decree that would require defendant to clear the title to the property to the satisfaction of the plaintiffs, and then make conveyance in accordance with the preliminary agreement. The trial court came to the conclusion that plaintiffs were not entitled to such relief, that there was a variance between the bill of complaint and the proofs offered by plaintiffs on the trial, and that the alleged defect in defendant's title to the property was not of serious character. Accordingly relief was denied. From the decree entered, plaintiffs have appealed.

Whether defendant's title to the property was actually not marketable is not clearly shown on this record. The deed from the Peoples State Bank to Hickey and Eppinga was dated December 29, 1927, while the conveyance from Eppinga to Hickey was dated on December 28th preceding, but there is nothing otherwise in the record to indicate when the instruments were actually delivered. It is conceivable, of course, that the conveyance by Eppinga was

actually consummated after the deed to him had been delivered and accepted. If it be assumed, however, that each conveyance was delivered on the date appearing thereon, then the abstract indicated, as plaintiffs' attorney concluded, that there was, or might be, an outstanding interest in Eppinga or in someone claiming under him. If such was the case, then the title that defendant had was not a marketable one in the ordinary acceptance of the term. In *Barnard* v. *Brown,* 112 Mich. 452 (67 Am. St. Rep. 432), it was said:

"A marketable title, however, is one of such character as should assure to the vendee the quiet and peaceable enjoyment of the property, and one which is free from incumbrance."

See, also, *Simons* v. *Diamond Match Co.,* 159 Mich. 241; *Colby* v. *Plymouth Road Development Co.,* 251 Mich. 663; *Porter* v. *Ridge,* 310 Mich. 425. A title may be regarded as unmarketable if a reasonably careful and prudent man, familiar with the facts, would refuse to accept the title in the ordinary course of business. It is not necessary that the title be actually bad in order to render it unmarketable. It is sufficient if there is such a doubt or uncertainty as may reasonably form the basis of litigation. *Williams* v. *Bricker,* 83 Kan. 53 (109 Pac. 998, 30 L. R. A. [N.S.] 343). A purchaser of property entitled to a "marketable title" may not be required to accept a conveyance if the title is in such condition that he may be required to defend litigation challenging his possession and interest. *Godfrey* v. *Rosenthal,* 17 S. D. 452 (97 N. W. 365); *Vought* v. *Williams,* 120 N. Y. 253 (24 N. E. 195, 8 L. R. A. 591, 17 Am. St. Rep. 634).

Assuming that defendant's title was, as claimed by plaintiffs, not a marketable one because of a possible outstanding interest in the property in another, the remedy of specific performance must neverthe-

less be denied. Plaintiffs are in effect asking that the court compel defendant to obtain a proper conveyance or release from Eppinga, or in the alternative to institute and carry through to a successful termination proceedings to quiet title to the property. This the court may not properly do. There is no assurance that defendant can obtain a conveyance from Eppinga, and certainly it cannot be said that a suit to quiet title would be a mere formal matter that would result in accomplishing the desired purpose. Neither may the court require defendant to furnish title insurance for the benefit of plaintiffs. The contract made no provision therefor and the court may not add any such requirement.

In *Lingemann* v. *Naoumson,* 237 Mich. 557, 562, it was said:

"Courts of equity are loath to impose and supervise the performance and execution of contracts freighted with contingencies or uncertainties, but leave the plaintiff to his remedy at law."

The case of *Ogooshevitz* v. *Arnold,* 197 Mich. 203, to which counsel for plaintiffs has called attention, presented an entirely different situation. There the defendants were unquestionably in position to remedy the defect in title. As above pointed out, such is not the situation in the case at bar. The equitable remedy by specific performance is not one of right, but rather rests in the sound discretion of the court. Viewing the situation in the light most favorable to plaintiffs, it must be held that they are not entitled to the relief that they are seeking.

It is apparent from the record that plaintiffs knew when they started their suit that defendant could not convey to them a satisfactory marketable title without taking action to clear that title. They must have realized also that there was no certainty as to defendant's ability to obtain a conveyance from Ep-

pinga, or to quiet title as against him or others claiming under him. It was their position on the trial, as it had been previously, that they would not accept a conveyance from defendant unless the doubt as to the sufficiency of the record title were in some way removed. The situation is somewhat analogous to that presented in *Robinson* v. *Campbell,* 222 Mich. 111. There plaintiff brought suit for specific performance, knowing at the time that defendant had been compelled by a decree of a court having jurisdiction of the matter to convey the property to a third person. In holding that the plaintiff must be left to his remedy at law, if he had such, it was said:

"For the chancery court to exercise jurisdiction over matters not of general equity cognizance, but involved in the litigation, for the purpose of full and final adjustment of the whole controversy, some ground of equitable jurisdiction must in each case be not only asserted in the bill but established upon the hearing. *Laubengayer* v. *Rohde,* 167 Mich. 605; *Lee* v. *Hedenskoog,* 200 Mich. 427; *Sharon* v. *Fee,* 203 Mich. 152; *James S. Holden Co.* v. *William Tait Realty Co.,* 216 Mich. 633; *Brauer* v. *Laughlin,* 235 Ill. 265 (85 N. E. 283); 36 Cyc. p. 747."

Under the proofs in the instant case there is no basis for equitable jurisdiction. The trial court correctly held that plaintiffs were not entitled to specific performance of the contract involved in the suit. Dismissal of the bill of complaint should, however, be without prejudice to the right of the plaintiffs to pursue such remedy on the law side as they may think proper for the recovery of the money paid by them to defendant. Decree will enter here modifying in this respect, and otherwise affirming, the decree of the trial court. Defendant may have costs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.