EMLONG NURSERIES, INC., *v.* WARNER.

1. CONTRACTS—SPECIFIC PERFORMANCE.
   A contract must be complete in order to be specifically enforceable.

2. VENDOR AND PURCHASER—LAND CONTRACT—PAYMENT TO AGENT.
   A payment by purchasers to the agent of the vendors under a land contract constitutes payment to the principals.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Specific Performance § 22.
   Uncertainty as to terms of mortgage or of accompanying note or bond contemplated by real-estate sales contract as affecting right to specific performance. 60 ALR2d 251.
[2] 2 Am Jur, Agency § 159 *et seq.*
[3] 36 Am Jur, Mortgages § 406 *et seq.*
[4] 3 Appeal and Error § 912.
[5] 49 Am Jur, Specific Performance §§ 23, 25, 115.
[6] 49 Am Jur, Specific Performance § 105 *et seq.*
[7] 3 Am Jur, Appeal and Error § 762.

3. SAME—MORTGAGE ON ENTIRE TRACT—DISCHARGE AS TO PART PUR-
CHASED.

Purchasers of land then subject to a mortgage, who were to obtain
1 parcel thereof free and clear of liens and encumbrances, need
not have a provision in their contract relative to the discharge
of the mortgage, the method of removal of the liens and en-
cumbrances being immaterial.

4. SAME—SPECIFIC PERFORMANCE—FINDING THAT CONTRACT IS COM-
PLETE.

Trial court's finding that land contract was complete contract
*held*, not erroneous in suit for specific performance.

5. SAME—LAND CONTRACT—SUFFICIENCY OF DESCRIPTION—EXTRINSIC
EVIDENCE.

Description of land, obviously deficient as stated in land con-
tract of which plaintiffs sought specific performance, *held*,
sufficient when rendered fully identifiable and accurately de-
scribed by use of extrinsic evidence consisting of surveyor's
map that had been prepared for the vendors and given by them
to their agent for the purpose of describing the property.

6. SPECIFIC PERFORMANCE—LAND CONTRACT.

Specific performance of land contract to buy a portion of a larger
tract subject to an outstanding mortgage and lien was properly
granted by decree of trial court ordering defendant vendors
to convey the premises to the purchasers free and clear of liens
and encumbrances, such result being effected, first, by affording
vendors opportunity to obtain partial releases and, second, by
permitting plaintiffs to obtain such releases and having a lien
against property described in mortgage for excess of amount
paid on contract.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ABANDONED ISSUES.

Issues raised by subsequent purchasers on appeal in favor of
plaintiff first purchasers of part of larger tract are not dis-
cussed, where such second purchasers have abandoned their
appeal.

Appeal from Berrien; Zick (Karl F.), J.   Sub-
mitted June 8, 1961.   (Docket No. 26, Calendar No.
48,961.)   Decided September 23, 1961.

Bill by Emlong Nurseries, Inc., a Michigan cor-
poration, against H. Orville Warner and Beatrice
Warner for specific performance of agreement to sell

real estate, and against Walter Veurink and Rena Veurink to foreclose their interest arising from subsequent purchase. Cross bill by defendants Veurink. Decree for plaintiff. Defendants appeal, with dedefendants Veurink subsequently abandoning their appeal. Affirmed.

*Seymour & Seymour* (*Dalton G. Seymour,* of counsel), for plaintiff.

*Gore & Williams,* for defendants Warner.

TALBOT SMITH, J. The case before us involves the enforceability of an agreement for the sale of land.

The Warners, defendants below, were the owners of land in Berrien county, Michigan. It was surveyed (the survey being hereafter referred to as exhibit 2), divided into parcels 1, 2, and 3, and offered for sale. Mr. Fred Jung, Jr., was authorized by the owners to sell it either in its entirety or in parcels. We continue in the words of the trial chancellor's comprehensive and careful opinion:

"Jung subsequently contacted Emlong Nurseries, Inc., and entered into negotiations with Clifford Emlong, president of Emlong Nurseries, Inc. After some negotiations Mr. Emlong offered to buy that portion of the property described as parcel No. 1 on the map made for Warner and expressed a desire to purchase it through one Kurt Kolberg as an undisclosed agent.

"Pursuant to these negotiations, and on June 20, 1959, the real-estate agent, Fred H. Jung, Jr., submitted to Mr. Emlong a proposed preliminary agreement, prepared by him, wherein H. Orville Warner and Beatrice Warner were the sellers and Kurt Kolberg was the purchaser. At that time, or a day or two prior to June 20th, Mr. Emlong gave the real-estate agent, who was acting for the Warners, a check for $200 as a down payment. The contract

was executed by plaintiff's agent, Kurt Kolberg, and on June 20, 1959, was executed by the Warners. The ·contract was received in evidence and was plaintiff's exhibit 1. The down payment of $200 was by check to the Fred Jung Agency and is plaintiff's exhibit 3. The preliminary agreement, exhibit No. 1, described the property as follows: 'Parcel No. 1, 172 feet on the south side, 235.2 feet on the west side, and 400.38 feet on the north side to place of beginning, all being in the county of Berrien. Part of the southeast quarter of the southeast quarter of section 16, town 5 south, range 19 west, Lincoln township.' The above description was by typewriter and under the above description the following was printed in ink: 'Except the north 15 feet thereof to be used for ingress and egress, containing 1.53 acres of land more ·or less.' After this printed portion in ink appeared the initials 'F. H. J.' which appear to be the initials of Fred H. Jung, Jr. In addition, the following was printed in ink, 'Seller reserves right to sell cabins up to date of closing.' This printed portion was initialed by Fred H. Jung, Jr. and by H. Orville Warner. No other initials appear.    *    *    *

"The contract provided for the payment of the balance of the purchase price in the amount of $4,800 upon delivery of possession of the premises and a ·good and sufficient warranty deed together with an abstract showing the property free and clear of encumbrances except as noted. None were noted on the contract.

"Thereafter, plaintiff repeatedly attempted to get Mr. Warner to go through with the agreement and the evidence discloses that several letters were written between the real-estate agent, Fred Jung, Warner, and Seymour & Seymour, acting as attorneys for the plaintiffs. On July 26th, defendant, Warner, wrote a letter to Mr. Jung withdrawing his offer to sell the parcel of property to plaintiff's agent, Kolberg. These letters are in evidence and are plaintiff's exhibits 4, 5, 6, 7, and 8.

"Sometime prior to August 11, 1959, Mr. Emlong learned that defendant Walter Veurink, was negotiating to purchase the Warner property and thereafter, and on August 11th, a letter was written to Mr. Veurink advising him of plaintiff's contract with the Warners and advising him that parcel No. 1, as described in the survey made by G. L. Wightman, was under contract of sale to Emlong Nurseries, Inc., as assignee of Mr. Kolberg (plaintiff's exhibit 10).

"On August 17, 1959, and prior to the institution of this action, plaintiff's attorney tendered to the office of Charles Gore, attorney, in accordance with the terms of the preliminary agreement, the balance of the purchase price in the amount of $4,800. This tender was refused.

"It appears from the uncontradicted testimony that Fred Jung, Jr., was acting for and as agent of the Warners. It further appears from the uncontradicted testimony that Kurt Kolberg was the undisclosed agent of plaintiff. On August 10, 1959, Kolberg, by quitclaim deed, conveyed his interest in the property, to Emlong Nurseries, Inc., the plaintiff.

"In a cross bill of complaint the defendants, Veurinks, claimed to be purchasers for value and without notice of plaintiff's prior interest in the property described in exhibit 1.

"Defendants Veurinks' claim is based on a preliminary agreement entered into between them and the Warners on July 28th which has been received in evidence and marked defendant's exhibit A. They were also given a copy of the same map furnished plaintiff which has been received in evidence as defendants' exhibit B. The purchase agreement between Warners and Veurinks covers the entire parcel of property owned by Warners and described in plaintiff's exhibit 2, being the same as defendant's exhibit B. The purchase price for the entire parcel of property, covering parcels 1, 2, and 3 as delineated in plaintiff's exhibit 2, was $24,500.

"The agreement provided that the purchase price was to be paid by the payment of $507.27 forthwith, $6,000.00 paid by the purchaser to be held in escrow by Gore & Williams, as trustees, who were attorneys for the Warners; the balance of the purchase price was to be paid by the assumption of a mortgage in the amount of $11,492.73 and the giving of a note for $6,500 secured by a second mortgage, which note and mortgage were to be held in escrow by Warners' attorney, Mr. Gore. It appears from the facts that the $6,000 is still held in escrow by Mr. Gore and that the note and mortgage are also held by Mr. Gore and have never been recorded. It further appears that at the time a warranty deed was executed by Warners to Veurinks and that the deed is also held by Mr. Gore and has never been recorded or delivered to Veurinks. The check to Mr. Gore is defendants' exhibit C and the note and mortgage, held by Mr. Gore, is defendants' exhibit F."

The plaintiff thereafter filed a bill for specific performance of the agreement of June 20, 1959, praying also that the Veurinks be decreed to have no interest in the described real estate, for accounting, and ancillary relief. The cross bill of defendants Veurink prayed, in substance, that they be decreed the owners in fee simple of the premises, that plaintiff and the Warners be decreed to have no interest therein, and for financial adjustments. After stipulation of facts and the receipt of testimony the trial chancellor held for the plaintiff. Defendants Warner only are before us upon appeal, defendants Veurink having (over objection asserted by the Warners) abandoned their appeal.

Appellants present to us some 13 allegations of error. Their first and primary contention is that there was never a completed agreement between the owners and Kolberg. This they base upon the fact that plaintiff's check for $200, delivered to the Fred Jung Agency the day before the contract was signed,

was never, they say, delivered to them and hence that the contract was incomplete, citing *Battjes* v. *Michigan Trust Company,* 320 Mich 702; *Gates* v. *Gamble,* 53 Mich 181; and *Wilson* v. *Eggleston,* 27 Mich 257, to the point that, to be enforceable, a contract must be complete. We have no quarrel with the principle expressed, but it has no application upon these facts. It was established that Mr. Jung was the Warners' agent for the sale of the property, and it requires no citation of authority that payment to him was payment to his principals. Nor does the fact that the preliminary agreement contained no provision for the discharge of a mortgage and lien then said to be upon the property. Such provisions were unnecessary. Since appellees were purchasing free and clear of liens and encumbrances, the method of their removal by appellants was immaterial. The contract was signed by vendors and the purchaser, contained the terms of the agreement, the amount of consideration and manner of payment, and acknowledged receipt of the down payment. The chancellor's finding "that the contract of June 20, 1959, was a complete contract" was not erroneous.

But, it is also urged, the description contained in the preliminary agreement was "so defective that it could not be cured by the reception of extrinsic evidence." This claim of error arises from the fact that description of the property in the form used for the contract was, as we have noted above, merely:

"Parcel #1, 172′ on the south side, 235.2′ on the west side, and 400.38′ on the north side to place of beg.—all being in the [here we omit the printed words of the form, containing also the typewritten county name, Berrien]. Part of the SE 1/4 of the SE 1/4 of section 16, T5S, R19W, Lincoln twp. [continuing in ink:] Except the north 15 ft. thereof to be used for ingress and egress containing 1.53 acres of land more or less F. H. J."

Such description, standing alone, is obviously deficient. At the trial, however, a surveyor's map prepared for the Warners and given by them to their agent, Jung, for the purpose of describing the property, was introduced into evidence, showing as "Parcel 1", and with the dimensions above noted, a tract of land fully identifiable and accurately described. The trial chancellor held that the contractual description was sufficient since it could be made clear through the use of extrinsic evidence. In this there was no error. *Cramer* v. *Ballard,* 315 Mich 496.

Appellants also devote much argument to the proposition that the decree is not "possible of performance" since they cannot execute a deed of conveyance "free and clear of all encumbrances", "in the face of the first mortgage and mechanic's lien then existing, and still existing against the premises." There is no merit to this objection. The decree merely orders the appellants to do that which they agreed to do, namely, to convey the property to the purchasers free and clear of all encumbrances.* Moreover the record is barren of any

---

* The decree provides as follows on this point:

"It is further ordered, adjudged and decreed that upon the filing of this decree the plaintiff pay to the clerk of the court the sum of $4,800, being the balance of the purchase price due under said contract, plaintiff having previously paid $200 to defendants Warner's agent. The clerk of the court shall pay said moneys so deposited with him to defendants, H. Orville Warner and Beatrice Warner, on the filing by said defendants with the clerk of the court of certified copies of partial releases releasing the above described property from the mortgage of Peoples Saving Association of Benton Harbor, Michigan, and the lien of Home Supply Company, Benton Harbor, Michigan. In the event defendants Warner shall fail and refuse to obtain and file such releases with the clerk of this court within 10 days after the filing of this decree, then plaintiff may obtain and file such releases together with receipts showing the amounts paid by plaintiff to the mortgagee and lienholder to obtain such partial releases and the clerk of the court shall pay to plaintiff out of the money deposited with him the amount of moneys paid by said plaintiff to obtain said releases. In the event the amount paid by plaintiff to obtain said releases shall exceed the amount deposited by plaintiff to cover the purchase price of the above described property, then plaintiff shall have a lien against the property of defendants Warner described in the mortgage to Peoples Savings & Loan Association of Benton Har-

showing that appellants could not have obtained a discharge of these liens had effort been made. Appellants' reliance upon the case of *Bartos* v. *Czerwinski*, 323 Mich 87, is misplaced. There the outstanding interest was not dischargeable by the vendor himself. The case more in point, upon our facts, is that of *Ogooshevitz* v. *Arnold*, 197 Mich 203, wherein specific performance of a land contract was decreed, the Court holding, in part, that although the title, as shown by the abstract, was not free from reasonable doubt, nevertheless (p 211) "It was within the power of the defendants to remove this doubt, to perform their contract, to make clear the record title; in such case specific performance may be decreed."

There is not sufficient merit in the additional claims of error made to warrant discussion. The adjustments made in the decree with respect to the Veurinks, we note in passing, are not before us, since they have abandoned their appeal. All that we have in this case, simply put, is an attempt by the Warners to sell certain property twice. The effort was unsuccessful in the trial court and is no more successful here.

Decree affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

bor, Michigan, to the extent of the excess paid by plaintiff to obtain said releases."