HOLY CROSS BAPTIST CHURCH *v.* D. V. CONSTRUCTION COMPANY.

1. Specific Performance—Remedy of Grace.

Specific performance is a remedy of grace and not a matter of right and should not be granted unless the plaintiff's course of conduct relative to the transaction has been one that merits the approval of a court of equity.

2. Same—Payments on Land Contract and Mortgage—Discretion of Court.

Dismissal of plaintiff's bill of complaint for specific performance of land contract upon its noncompliance with preliminary order to make payments on the land contract as they became due and payable from it while defendant was required to continue payments on mortgage to which the property was subject *held*, not an abuse of discretion.

Appeal from Wayne; Bowles (George E.), J.  Submitted June 13, 1962.  (Docket No. 50, Calendar No. 49,672.)  Decided October 1, 1962.

Bill by Holy Cross Baptist Church,. a Michigan ecclesiastical corporation, against D. V. Construc-

References for Points in Headnotes
[1] 49 Am Jur, Specific Performance § 6.

tion Company, a Michigan corporation, for specific performance of land contract. Order entered requiring plaintiff to make interim payments. On its failure to do so, bill dismissed on motion. Plaintiff appeals. Affirmed.

*George E. Lee,* for plaintiff.

*I. Goodman Cohen,* for defendant.

ADAMS, J. This is an appeal from an order of the circuit judge dismissing plaintiff's bill for specific performance of a land contract. On December 30, 1960, the parties entered into a contract for the sale and purchase of certain property in Detroit for $169,000. By agreement, defendant was permitted to mortgage the land to secure the balance due on the contract. At the same time, the parties executed a rider providing for additional quarterly payments within 1 year, and that, if the plaintiff paid $130,000 on the principal within 2 years, it would be entitled to a warranty deed.

Plaintiff claims credits of $60,276.69. $32,000 allegedly credited on January 10, 1961, is disputed by the defendant. Plaintiff claims that the total sum owed to the defendant, on June 30, 1961, including interest was $70,266.99; that this amount was tendered; that the tender was refused; and that by virtue of its option it is entitled to a warranty deed.

Defendant denies a proper tender, claiming that the $32,000 credit which was entered upon defendant's copy only of the payment schedule was entered for the purpose of enabling defendant to obtain a mortgage loan of $50,000 on the property.

The trial judge denied defendant's motion to dismiss the bill of complaint but required the plaintiff to make payments from month to month as they became due under the contract. The order was

entered on October 20, 1961. It was vacated on October 30, 1961, because of claimed lack of notice to plaintiff's attorney. On November 6, 1961, a new order was entered requiring plaintiff to pay the instalments on the land contract. The final paragraph reads:

"It is further ordered and adjudged that the plaintiff herein shall pay to the defendant herein, or to its attorney of record for and in behalf of said defendant, in a timely and proper manner as same became due and payable, all payments hereafter becoming due and payable to the defendant by virtue of the terms and conditions of the land contract constituting the subject matter of this litigation."

Plaintiff neither complied with the order nor moved to have the order amended. On December 12, 1961, defendant moved to dismiss the bill of complaint because of plaintiff's failure to comply with the court's order. Plaintiff made no response. On January 2, 1962, the trial judge granted the motion *nunc pro tunc* as of December 26, 1961.

Plaintiff claims the trial judge disposed of this matter adversely to the plaintiff by a preliminary order because, if plaintiff complied with the order and the actual trial on the merits was delayed, plaintiff would be required to pay the total amount due under land contract and would not receive the benefit of the price differential between $169,000 set forth in the land contract and $130,000 set forth in the rider, or of the disputed sum of $32,000.

Defendant claims that the court's order maintained the *status quo* until a final determination by the court, pointing out that the plaintiff is in possession of the premises and is receiving all the benefits of such possession, while the defendant is obliged to make monthly payments of $800 per month on the $50,000 mortgage.

Under plaintiff's computation, the sum of $70,-266.99 was due and owing to defendant on June 30, 1961. If this is determined to be the correct amount and tender was made, plaintiff would be entitled to specific performance. On the other hand, if defendant's contention is correct and a greater sum is due, upon determination of that amount and payment of the same together with interest, the plaintiff would be entitled to specific performance.

Obviously, any payments by the plaintiff to the defendant not in excess of $70,266.99 could not possibly prejudice plaintiff. True, there might well be a considerable delay between the filing of this action in Wayne county and the trial of the same. However, plaintiff failed to comply with the court's order, failed to present the court with any reasons for its failure to comply, and failed to respond to the motion of the defendant to dismiss plaintiff's bill of complaint. This is a strange performance for one who seeks equity. Specific performance is a remedy of grace and not a matter of right. *Bartos* v. *Czerwinski,* 323 Mich 87; *Kopprasch* v. *Stone,* 340 Mich 384; *Rex Oil & Gas Co.* v. *Busk,* 335 Mich 368. See, also, *Brear* v. *Baumgartner,* 249 Mich 633, 638, 639, in which the court said:

"Equitable relief by way of specific performance should not be granted to the plaintiff unless his course of conduct relative to this transaction has been one that merits the approval of a court of equity." (Cited with approval in *Czeizler* v. *Radke,* 309 Mich 349.)

Under all of the circumstances, it cannot be said that the trial judge's discretion was incorrectly exercised. Had the plaintiff complied with the court's order for a time and then sought modification, or had the plaintiff responded to the motion to dismiss, such facts would present problems which are

not before us and which we do not pass upon. The bill of complaint was properly dismissed.

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.