## MADHAVAN v SUCHER

Docket No. 52409. Submitted December 17, 1980, at Detroit.—Decided April 9, 1981.

Narayanan Madhavan and Indira Madhavan offered to purchase certain real property owned by Milton M. Sucher and Sharon J. Sucher provided the owners would deliver a warranty deed conveying marketable title. The offer was drafted by an agent for the Suchers. Upon discovery of an encroachment by a drainage easement, the Madhavans rescinded their offer on the ground that the Suchers could not convey marketable title. The Suchers declared the Madhavans' deposit money forfeited, and the Madhavans instituted an action in district court to recover the money, moving for summary judgment, which motion was granted. Defendants appealed to Oakland Circuit Court which affirmed the decision of the district court, Gene Schnelz, J. Defendants sought leave to appeal to the Court of Appeals, which application was denied. Defendants thereupon sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration as on leave granted. 409 Mich 858 (1980). *Held:*

Defendants were obliged to convey marketable title to plaintiffs. The district court properly viewed the provisions in the purchase agreement requiring conveyance of a marketable title by defendants and plaintiffs' offer to purchase subject to existing easements as conflicting and to be construed against defendants, whose agent drafted the instrument. The district court further properly held that a marketable title was required to

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5] 77 Am Jur 2d, Vendor and Purchaser §§ 131, 132.
Effect of doubtful construction of will devising property upon marketability of title. 65 ALR3d 450.
Zoning or other public restrictions on the use of property as affecting rights and remedies of parties to contract for the sale thereof. 39 ALR3d 362.
[2] 77 Am Jur 2d, Vendor and Purchaser § 190.
[4] 77 Am Jur 2d, Vendor and Purchaser §§ 293, 294.
Construction of clause in title insurance policy excepting defects resulting from the rights of parties in possession. 94 ALR3d 1188.

be one which was fully insurable and that the drainage easement was a sufficiently substantial incumbrance as to deny plaintiffs marketable title, particularly in light of the title insurance company's refusal to insure against the incumbrance. Affirmed.

1. PROPERTY — REAL PROPERTY — TITLE — INCUMBRANCES.

Marketable title to real estate is title of such character as should assure to a vendee the quiet and peaceful enjoyment of the property free from incumbrance.

2. PROPERTY — REAL PROPERTY — TITLE — INCUMBRANCES.

A title to real estate may be "incumbered" by anything which constitutes a burden thereon such as a right-of-way, a condition which may work a forfeiture of the estate, a right to take off timber, or a right of dower.

3. PROPERTY — REAL PROPERTY — TITLE.

A title to real estate may be regarded as unmarketable where a reasonably prudent person, familiar with the facts, would refuse to accept the title in the ordinary course of business, and it is not necessary that the title actually be bad in order to render it unmarketable.

4. VENDOR AND PURCHASER — PROPERTY — REAL PROPERTY — TITLE — EASEMENTS — PURCHASE AGREEMENTS.

An obligation of a vendor to provide marketable title to real estate supersedes a contractual provision in a purchase agreement for the vendee to accept title subject to easements where an easement constitutes such an incumbrance as to render conveyance of marketable title impossible and the defect cannot be remedied by provision of a policy of title insurance by the vendor.

5. PROPERTY — REAL PROPERTY — TITLE — EASEMENTS — VENDORS — VENDEES.

A vendor, required by agreement to convey marketable title to real estate, is not required to convey the real estate free from all easements but only those which would affect the marketability of the title, and a vendee is not required to accept real property burdened by easements which render title unmarketable.

*Gluski, Young & Randall,* for plaintiffs.

*Levin, Levin, Garvett & Dill* (by *Richard M. Selik),* for defendants.

Before: CYNAR, P.J., and BASHARA and BEASLEY, JJ.

CYNAR, P.J. This is an appeal by the defendants from a decision of the Oakland County Circuit Court, which affirmed the 48th District Court's grant of summary judgment in favor of plaintiffs. From that decision, affirming the district court, defendants had filed an application for leave to appeal with this Court, which application was denied on November 28, 1979. The defendants thereupon filed an application for leave to appeal pursuant to GCR 1963, 853 to the Supreme Court of Michigan. On June 25, 1980, the Supreme Court issued its order, pursuant to GCR 1963, 853.2(4), remanding the case to this Court for reconsideration as on leave granted.

On July 19, 1976, plaintiffs executed an offer to purchase defendants' house and property in Beverly Hills, Michigan. The purchase agreement form was drafted by defendants' real estate agent to whom plaintiffs had paid a $3,000 deposit at the time the offer to purchase was executed. Under the terms of the purchase agreement, the sale to plaintiffs was made "subject to the existing building and use restrictions, easements, and zoning ordinances, if any * * *". The purchase agreement further provided that defendants would deliver "the usual Warranty Deed conveying marketable title".

Plaintiffs obtained the requisite mortgage from a local savings and loan institution on August 2, 1976, and closing was duly set for August 20, 1976. However, on August 18, the mortgagee notified plaintiffs that, according to the mortgage survey, a

drainage easement encroached upon the northeast side of the dwelling. Although the mortgagee was of the opinion that the encroachment would not impair the security of the mortgage, plaintiffs were requested to provide the mortgagee with a letter acknowledging their awareness of the easement in order to have the savings and loan institution proceed with the processing of the mortgage and the closing of the transaction.

A second mortgage survey revealed that the first was erroneous and that the drainage easement in question ran along the eastern boundary of the property and did not encroach upon the dwelling but did encroach upon a portion of the concrete patio attached to the rear of the dwelling. The mortgagee notified defendants on August 26, 1976, after the revised survey had been received and reviewed, that it was prepared to proceed with the closing. However, in the interim, on August 20, plaintiffs advised defendants that they were rescinding their offer to purchase because the existence of the drainage easement prevented defendants from transferring marketable title. In this respect, plaintiffs knew that, on July 30, defendants had secured issuance of a title insurance commitment from a title insurance company but that the drainage easement was excepted from coverage under the policy.

Ultimately, when plaintiffs refused to close the transaction, defendants declared the deposit of $3,000 forfeited, and plaintiffs instituted this action. to recover that deposit. The district court granted plaintiffs' summary judgment motion, declaring that defendants were unable to convey marketable title because of the existence and placement of the drainage easement.

Defendants were obliged to convey marketable

title to plaintiffs. Marketable title is one of such character as should assure to the vendee the quiet and peaceful enjoyment of the property, which must be free from incumbrance. *Barnard v Brown,* 112 Mich 452; 70 NW 1038 (1897). An incumbrance is anything which constitutes a burden upon the title, such as a right-of-way, a condition which may work a forfeiture of the estate, a right to take off timber, or a right of dower. *Post v Campau,* 42 Mich 90; 3 NW 272 (1879). A title may be regarded as "unmarketable" where a reasonably prudent man, familiar with the facts, would refuse to accept title in the ordinary course of business, and it is not necessary that the title actually be bad in order to render it unmarketable. *Bartos v Czerwinski,* 323 Mich 87; 34 NW2d 566 (1948). See, also, *Cole v Cardoza,* 441 F2d 1337 (CA 6, 1971) (applying Michigan law).

Defendants contend that to uphold the summary judgment order in this case would mean that no title subject to any incumbrance, including utility easements, would be marketable, even if the vendee agreed to purchase subject to certain easements. We do not believe that the district court's decision has such an expansive import. The district court did not hold that marketable title could not exist with respect to any parcel or property subject to any easement. Rather, the court determined, in effect, that the obligation of a vendor to provide marketable title, which title must be *fully insurable,* superseded the contractual provision in the purchase agreement regarding purchase subject to easements where the easement constituted such an incumbrance as to nullify marketable title. A vendor is not required to convey land free from any burden of easements, and the district court did not so determine. Rather, the vendee

may not be required to accept land burdened by easements that affect marketable title. See *Porter v Ridge,* 310 Mich 425; 17 NW2d 239 (1945).

The district court reasonably could determine that the drainage easement across the subject property, encroaching upon the concrete patio within a few feet of the house, was a sufficiently substantial incumbrance · as to deny marketable title to plaintiffs-vendees, particularly since the title insurance company refused to insure against this incumbrance.

Plaintiffs did not waive objections to the drainage easement by signing a purchase agreement "subject to" the easement. Ordinarily, such a provision is not in conflict with a provision requiring the conveyance of marketable title. A conflict occurs only when the nature of the easement is so burdensome as to prevent conveyance of marketable title. The district court properly viewed these provisions of the instant purchase agreement as conflicting and therefore to be construed against defendants, whose agent drew up the contract.

The decision of the court below affirming the grant of summary judgment in favor of plaintiffs is affirmed.

Affirmed. Costs to plaintiffs.