## KLYMYSHYN v. SZAREK

1. FRAUDS, STATUTE OF—SALE OF LAND—MEMORANDUM—RECEIPT.

    A signed writing which recited the receipt by sellers of a $500 deposit on the purchase of an apartment building [giving the street address] for $94,000 was sufficient to satisfy the requirement of the statute of frauds that a contract for the sale of any lands is void unless the contract or some note or memorandum of it be in writing signed by the selling parties MCLA § 556.108).

2. FRAUDS, STATUTE OF — SALE OF LAND — MEMORANDUM — SUFFICIENCY.

    A writing or memorandum of a contract for the sale of land which fails to recite whether the sale is for cash or credit and in which the time for performance is not specified and recites only the sale price and the amount of down payment sufficiently complies with the statute of frauds, because where a contract is silent as to the time for performance, the law presumes a reasonable time and when it is silent as to the terms of payment, absent a contrary intention on the face of the instrument, the terms are construed to be for cash (MCLA § 556.108).

3. MOTIONS—SUMMARY JUDGMENT—ISSUE OF FACT.

    A motion for summary judgment is improperly granted if the pleadings state a legally valid claim or defense and raise

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 49 Am Jur, Statute of Frauds § 313.

Memorandum which will satisfy statute of frauds, as predicable in whole or part upon writings prior to the oral agreement. 1 ALR2d 841.

[3] 41 Am Jur, Pleading §§ 340–343.

a triable issue of fact, so that where defendants allege that plaintiff fraudulently misrepresented to them that he had not dealt with a broker, leading defendants to believe that no commission would be due on a sale of land by defendants to plaintiff, and the broker states that he is entitled to a commission because the plaintiff dealt with him during the listing period, summary judgment was improperly granted.

Appeal from Wayne, Benjamin D. Burdick, J. Submitted Division 1 November 12, 1970, at Detroit. (Docket No. 8538.) Decided January 21, 1971.

Complaint by Stephan Klymyshyn against Alex Szarek and Elsie Szarek, his wife, for specific performance of a contract for the sale of land. Summary judgment for plaintiff. Defendants appeal. Reversed and remanded.

*Kenneth H. Phillips,* for plaintiff.

*Donald Wm. Sargent,* for defendants on appeal.

Before: McGREGOR, P. J., and HOLBROOK and O'HARA,* JJ.

McGREGOR, J. The defendants own an apartment house located at 20001 Conant Avenue. The property was listed with a realty company for three months from January 22, 1969 at the price of $100,-000. Pursuant to the terms of the listing agreement, the broker would receive a 6% commission if he obtained a buyer during this period, or if the property was sold to the broker's prospect within three months after the listing expired. Defendants claim that the plaintiff represented that he had not negotiated with the broker, and that they would not

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

be liable for the 6% commission if they sold the property to him. Defendants allege that plaintiff did contact the broker, that he concealed his negotiations with the broker, and that they were liable for the commission. Plaintiff allegedly informed the defendants that he was familiar with real estate transactions and professed knowledge of the usual listing agreement requirements. Plaintiff agreed to purchase the premises, known as 20001 Conant Avenue, and defendants gave the following document to him:

> "May 2, 1969
>
> "Received from Mr. Stephan Klymyshyn the sum of $500.00 as deposit to purchase apt. at 20001 Conant, for $94,000.00.
>
> "*(signed) Alex Szarek*
> "*Elsie Szarek*"

Defendants claim that a preliminary agreement was to be prepared and executed by the parties which would further define the terms of the transaction, and additional terms not agreed upon when the receipt was executed. Defendants' principal contentions are that the document as described above is insufficient to satisfy the statute of frauds, in that the essential terms, *e.g.,* whether for cash or credit, are not defined, and that the time for performance is not specified. Defendants further allege fraud on the part of the plaintiff, in that defendants were led to believe that no contact or negotiations had taken place between the plainiff and the broker.

Plaintiff instituted suit on July 7, 1969, seeking specific performance of a contract to sell the parcel of real estate, and filed a *lis pendens* against the property. Affidavits were filed in this cause, and the judge granted plaintiff's prayer for specific performance by way of summary judgment. The judge's order provided in part that the full pur-

chase price was to be paid in cash, within ten days from delivery of the title commitment or an abstract showing marketable title, and further, that defendants were to convey such property by warranty deed, and were to furnish a title commitment or an abstract of title.

Defendants raise the issue whether specific performance should have been granted, under the circumstances as alleged. Defendants' first contention is that the receipt, dated May 2, 1969, is not a sufficient writing upon which to base an action for specific performance to sell real estate, or to sell land, in that such receipt does not comply with the statute of frauds.

" * * * Every contract for the leasing for a longer period than 1 year or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing." MCLA § 566.108 (Stat Ann 1970 Rev § 26.908).

Our courts have indicated a continuing "disposition to liberalize its interpretation of the statute of frauds". *Wozniak* v. *Kuszinski* (1958), 352 Mich 431, 434, later cited in *Randazzo* v. *Kroenke* (1964), 373 Mich 61. In the case of *Duke* v. *Miller* (1959), 355 Mich 540, 542, 543, a similar action for specific performance was instituted, and the only memorandum of the agreement in plaintiff's bill of complaint was as follows:

" 'Detroit, Mich., Sept. 24, 1957.
" 'Received of Mr. Newell Duke $150.00 DOLLARS as Down Payment on Lot 109 on Fenkel.
" 'Balance $4,350
" '$150.00
" '[s] Ray Miller' "

The trial court therein had granted the defendant's motion to dismiss, on the ground that the agreement could not be specifically enforced because the memorandum failed to meet the requirements of the statute of frauds, in that it did not specify the time for payment of the balance and the time for closing the transaction. The Supreme Court was not impressed by the defendant's allegations and reversed the trial court, holding that when a contract is silent as to the time for performance or payment, and absent any expression of a contrary intent, the law will presume a reasonable time.

Furthermore, the Court was not concerned that the contract did not mention the terms of payment of the balance of the purchase price, in that, absent a contrary intention on the face of the instrument, the terms were to be for cash. The Court then went on to say:

"Indulgence of that presumption [payment for cash] or inference does not amount to the court's making a new contract for the parties or varying its terms, but merely gives effect to what is reasonable to assume the parties intended when no contrary intention appears on the face of the instrument." *Duke* v. *Miller, supra,* 543.

We find the trial court here was correct in its ruling that the memorandum satisfied the statute of frauds.

Defendants further allege that the plaintiff fraudulently misrepresented to them that he had not dealt with the broker, thereby leading them to believe that no commission would be due on the sale of the property. Defendants also filed an affidavit of the broker which stated that he was entitled to collect a commission from the sale of this property, in that plaintiff had negotiated with him (the broker) prior to April 22, 1969. The motion for summary judg-

ment was improperly granted as to this issue. *Blades* v. *Genesee County Drain District No. 2* (1965), 375 Mich 683. If the pleadings state a legally valid claim or defense and raise a triable issue of fact, a motion for summary judgment must be denied.

It is not for this Court to consider the validity of defendants' allegations regarding the latter issue at this time. They are accepted as being true, and in view of such facts, summary judgment was improperly granted.

The order granting summary judgment is reversed and remanded for proceedings consistent with this opinion. Costs to defendants.

All concurred.