KOJAIAN v ERNST

Docket No. 103518. Submitted December 21, 1988, at Detroit. Decided
    June 20, 1989.

Mike Kojaian brought an action in the Oakland Circuit Court
    against Gustave J. Ernst, Jr., and Evelyn L. Ernst seeking
    specific performance of an alleged agreement to sell land. The
    trial court, James S. Thorburn, J., granted summary disposition
    to defendants after plaintiff presented his case in chief, finding
    that any agreement between the parties failed to meet the
    requirements of the statute of frauds. Plaintiff appealed.

    The Court of Appeals *held:*

    The two documents which allegedly comprise the writing in
    this case fail to satisfy the statute of frauds. The documents
    lack the necessary terms of payment to satisfy the statute of
    frauds in regard to a sale of land on credit. The documents do
    not contain a designated payment period or interest rate. There
    is no extrinsic evidence which supplements the documents and
    supplies the missing terms. The parties had no enforceable oral
    agreement.

    Affirmed.

1. FRAUDS, STATUTE OF — REAL PROPERTY.

    All essential terms of an agreement to sell real estate must be in
    a writing that is signed by the party or parties to be held to the
    agreement for that agreement to be enforceable; the material
    terms which must be established are generally the identifica-
    tion of the parties, the property, and the consideration; when
    other terms, such as the time for performance or payment, are
    missing, courts will presume reasonable terms unless the par-
    ties express a contrary intention (MCL 566.108; MSA 26.908).

2. FRAUDS, STATUTE OF — REAL PROPERTY — CREDIT SALES.

    Where the parties to an agreement to sell real estate indicate in
    writing that they intend a credit sale but fail to set forth the
    terms and times of payments, a court's ability to impose

REFERENCES

Am Jur 2d, Statute of Frauds §§ 44 *et seq.*, 295 *et seq.*
See the Index to Annotations under Frauds, Statute of.

reasonable terms is absent and such a contract is unenforceable under the statute of frauds (MCL 566.108; MSA 26.908).

*Honigman, Miller, Schwartz & Cohn* (by *Peter M. Alter* and *Lore A. Rogers*), for plaintiff.

*Beier, Howlett, Ternan, Jones, Shea & Hafeli, P.C.* (by *James L. Howlett* and *David L. Tyner*), for defendants.

Before: MacKENZIE, P.J., and CYNAR and M. E. KOBZA,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary disposition in favor of defendants after plaintiff's case in chief in a bench trial. The trial court's order was apparently based on its finding that any agreement between the parties failed to meet the requirements of the statute of frauds, MCL 566.108; MSA 26.908. We affirm.

This is an action for specific performance brought by plaintiff real estate developer against defendant real property owners after defendants refused to sell approximately five acres of land in Troy which they had owned for more than thirty years. Plaintiff contacted defendant Gustave Ernst in January, 1985, to discuss the possibility of Mr. Ernst selling the land. At that time, defendants kept business equipment stored on the property and their son and his family lived in the house located on the premises. Plaintiff's initial offer of $145,000 was rejected. Over the next three months, the parties had further discussions, and plaintiff increased his offer to $200,000. Ernst discussed this price with his wife, and they agreed to accept it.

On April 29, 1985, the defendants and plaintiff

* Circuit judge, sitting on the Court of Appeals by assignment.

and his wife met at defendants' home. Plaintiff testified that his purpose in going to the home was to give defendants a deposit on their property and that he believed an agreement was reached at that time. Defendants characterized this meeting as further negotiations and denied that a final agreement was reached. At the meeting, plaintiff signed and gave Mr. Ernst a check for $5,000. On the back of the check he wrote:

> Deposit for purchase of 4.80 acres at 340 E. Maple, Troy, Mich. inc'd-house, purchase price = $200,000.00 on L/C with eighty-five thousand dollars down. Balance on L/C.

Mr. Ernst gave plaintiff a tax receipt with the following inscription on the back:

> Recieved [sic] check number 7931 for $5,000.00 for deposit tward [sic] down payment of $85,000.00. Balance of DP within 30 days, $80,000.00 /s/Gustav Ernst.

The only other term the parties discussed was time of possession. The matter was left unresolved as defendants wanted ninety days to move their equipment and son and plaintiff was only willing to allow sixty days.

Mrs. Ernst was present for most, if not all, of the meeting and was able to see and hear all that was occurring, but she did not sign either of the documents that were exchanged.

After the April meeting, Mr. Ernst instructed his attorney to prepare a formal document—the parties disagree as to whether this was to be a purchase agreement or a land contract—for signatures. Before the papers were drafted and before defendants cashed plaintiff's check, defendants received another offer of $360,000 for their property.

Defendants' attorney promptly called plaintiff and told him the deal was off. Alleging that a binding agreement already existed, plaintiff immediately filed suit seeking specific performance and damages. Defendants responded that no binding contract existed.

The statute of frauds, MCL 566.108; MSA 26.908, provides:

> Every contract for . . . the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing.

The trial court apparently determined that the requirements of the statute were not met and therefore there was no enforceable agreement between the parties.

I

All essential terms of an agreement to sell real estate must be in a writing that is signed by the party or parties to be held to the agreement for that agreement to be enforceable. *Brotman v Roelofs,* 70 Mich App 719; 246 NW2d 368 (1976), lv den 399 Mich 801 (1977). We conclude that the two documents comprising the writing in this case, i.e., plaintiff's check and Mr. Ernst's tax receipt, fail to set forth all the essential terms of the parties' agreement. The writing therefore fails to satisfy the statute of frauds.

The Michigan statute of frauds does not specify what terms must be contained in a writing to make it enforceable. Although Michigan courts were once strict in their enforcement of the statute, see, e.g., *Gedvick v Hill,* 333 Mich 689, 695; 53

NW2d 583 (1952), that approach has since been abandoned in favor of a more liberal application of the statute. See *Opdyke Investment Co v Norris Grain Co,* 413 Mich 354, 367; 320 NW2d 836 (1982). Under this new liberal approach, the material terms which must be established before an agreement becomes enforceable are generally the identification of the parties, the property, and the consideration. *Brotman v Roelofs, supra.* When other terms, such as the time for performance or payment, are missing, courts will presume reasonable terms unless the parties express a contrary intention. *Klymyshyn v Szarek,* 29 Mich App 638, 642; 185 NW2d 820 (1971); *Opdyke, supra,* p 368.

However, where the parties indicate in writing that they intend a credit sale but fail to set forth the terms and times of payments, a court's ability to impose reasonable terms is absent and such a contract has been found unenforceable. In *Tucson v Farrington,* 396 Mich 169; 240 NW2d 464 (1976), reh den 396 Mich 992 (1976), the writing provided for the sale of real estate "for the sum of . . . $50,000. Approximately one third down, the balance to be paid over a period of 10 years at 7% interest." *Id.,* p 171. Recognizing that a term of credit is an essential term of a real estate sales contract, that Court wrote:

> Early Michigan case law required that payment terms be specified even in a case where it was conceded by all concerned that payment of the balance of the purchase price was to be made upon delivery of the deed. The rigors of the statute were gradually relaxed, so that in Michigan, like most jurisdictions, the writing did not need to state the time or terms of payment when the transaction appeared to be a cash sale.
>
> Today, it may be safely said that a writing is not insufficient under the statute for failure to state

the time and terms of payment unless, from the writing itself, it appears that deferred payments were agreed upon. . . . *However . . . when the writing on its face evidences deferred payments, it must state with reasonable certainty the substance of the payment terms.* [*Id.,* pp 173-174.]

The writings in the present case lack the necessary terms of payment to satisfy the statute of frauds. Since the writings indicate that the parties intended a land contract, the terms of payment are essential under the principles set forth in *Tucson, supra.* These writings do not contain a designated payment period or interest rate. Generally, a contract for the sale of realty will not fail because it lacks a term so long as the court can determine with reasonable certainty the parties' duties and the conditions under which performance is due. Here, however, there is simply no way for the court to determine duties and conditions of performance where the terms for deferred payments are omitted.

Plaintiff argues that the omission of any essential term is not fatal because there is extrinsic evidence available which supplements the writing and supplies the missing term. *Tucson, supra,* and *Opdyke, supra.* We cannot agree. There is no evidence that the parties discussed, let alone agreed to, any payment terms at the time that the writings were made. Plaintiff urges that the parties had agreed upon a mechanism—a determination by defendants' attorney—to settle payment terms. However, essential to this "mechanism" argument is plaintiff's willingness to concur in whatever terms defendants' attorney set. Plaintiff's assertion that he "would have agreed to any form of land contract that Ernst wanted" comes after the fact and is quite incredible when one considers that this "mechanism" would have al-

lowed defendants' attorney total control over the length of the payment period, the number and size of the payments, and the interest rate. Plaintiff's argument that the court could have otherwise inferred reasonable terms is also unpersuasive since the omitted terms relate to deferred payments on a credit sale. The omission of these essential terms is fatal pursuant to the statute of frauds, and neither extrinsic evidence nor reasonable inferences by the court could cure that defect.

## II

Plaintiff contends that defendants admitted all facts necessary to establish the existence of a contract, and thereby waived their statute of frauds defense.

In *Scholnick's Importers-Clothiers, Inc v Lent,* 130 Mich App 104, 109; 343 NW2d 249 (1983), lv den 419 Mich 936 (1984), citing *Northern Ins Co of New York v B Elliott, Ltd,* 117 Mich App 308, 325-326; 323 NW2d 683 (1982), lv den 417 Mich 968 (1983), this Court stated:

> It is clearly possible for parties to make an enforceable contract which binds them to execute a subsequent written agreement. However, where agreement has been expressed on all the essential terms of the contract, the mere fact that the parties manifest an intention to prepare a written memorial of their agreement does not render the oral contract unenforceable merely because the writing is never prepared. On the other hand, if the written document is to contain any material term upon which agreement has not already been reached, there is no binding contract.

As discussed earlier, terms regarding payment were essential to the parties' agreement. They not

only failed to place these terms in writing, but they also never reached any oral agreement on these terms. Thus, even if we accept the proposition that a party who admits a contract is bound despite the statute of frauds, as plaintiff urges, the parties had no enforceable oral agreement. Reversal is unwarranted on this ground.

III

In light of our above holdings, we need not decide whether Mrs. Ernst's failure to sign the tax receipt was violative of the statute of frauds, nor need we decide whether plaintiff is entitled to damages from Mr. Ernst for breach of contract. Finally, we need not reach defendants' claim of unconscionability.

Affirmed.